Holland v. The State of Florida et al.

DANIEL P. HOLLAND, APPELLANT, VS. THE STATE OF FLORIDA, ET AL., RESPONDENTS.

Where an appeal and supersedeas have been effected, the jurisdiction of the appellate court attaches, and that jurisdiction is then exclusive. The respondent here cannot, during the pendency of an appeal, dismiss his case in the Circuit Court, and, by this means, dismiss here the appeal of the appellant.

This is an appeal from the Circuit Court of Duval county. After the case was argued and submitted, the respondent made this motion to dismiss the appeal. The grounds of the motion, and the facts upon which based, are stated in the opinion of the court. The report of this motion should have preceded the report of the case, the motion having been heard and disposed of before the opinion and judgment upon the appeal was rendered.

WESTCOTT, J., delivered the opinion of the court.

The respondent alleges four grounds upon which it is claimed that the appeal in this case should be dismissed:

The first is that a decree has been rendered for the respondent in another suit.

Upon an inspection of the opinion and decree in the case of the State of Florida vs. Edward C. Anderson, Jr., et al., in the Supreme Court of the United States, the case referred

to, it appears that the Supreme Court of the United States has not finally passed upon the rights of appellant, Daniel P. Holland. On the contrary, that court has said that its proceedings are ancillary to those in the State courts, and in this statement that court can refer alone to this suit.

In considering the question of the validity of the State bonds, that court remarks that " if it were necessary to do so this court would not hesitate to pass upon that question, but we do not deem it necessary in this suit, which in its nature is rather to be regarded as ancillary to the judicial proceedings adopted by the State of Florida."

In the decree rendered there is an express reservation that "it is not intended to prejudice the right of defendant, Daniel P. Holland, to contest in any competent court or proceeding the validity of the bonds issued by the Jacksonville, Pensacola and Mobile Railroad Company in exchange for the bonds of the State of Florida under the act of the Legislature of said State, passed January 28, 1870, nor to prejudice any right which said Holland may have to redeem said railroad by the payment of the unpaid purchase money mentioned in the said pleadings, with all the interest thereon and lawful charges on said road, in case it should be adjudged that the said bonds are invalid."

It thus appears that the first ground alleged for the motion is in point of fact untrue so far as defendant Holland is concerned. If the action of the Supreme Court of the United States in the suit referred to is to control this court, it is obvious that it is expected that we shall determine finally the rights of the defendant Holland. But however this may be, upon the face of the opinion and decree it clearly appears that it is not a final decree in favor of the State against Daniel P. Holland, the appellant here. Whether if there were such final decree it would be proper for this court to dismiss the appeal of Holland upon respondent's motion, is, therefore, a question not presented for our consideration.

The second ground of the motion is that the case in the court below has been dismissed by the plaintiff in that court, the respondent here, since this appeal was taken by the defendant in the court below.

The respondent presents a duly certified order of the Circuit Court of Duval county, made since the appeal in this cause and the hearing in this court, discontinuing and dismissing the suit in that court as to defendant Daniel P. Holland. No notice was given Holland in the Circuit Court, and he here contests the motion to dismiss his appeal.

The judgment from which this appeal is prosecuted is a judgment sustaining a general demurrer to the answer of defendant, the ground of demurrer being that the answer does not state facts sufficient to constitute any defense in law to the action. This, as to defendant Holland, is a final judgment. This demurrer presented an issue of law; that issue involved the entire defense of Daniel P. Holland, and a judgment sustaining the demurrer determined the whole issue between the parties. It left nothing to be litigated between them. (12 Wall. 98; 5 Wall. 819.) From this judgment this appeal is prosecuted; due notice thereof is given as required by law, and a written agreement, signed by the attorneys of the parties, is filed in this court, that the appeal may be taken by defendant Holland without giving an appeal bond, or undertaking, and that the appeal may be heard on the record agreed to be submitted, and this undertaking and agreement. The Code provides that the perfecting of an appeal, by giving the undertaking here waived, shall stay proceedings, except in certain enumerated cases, among which it is clear this case is not embraced.

The conclusion to which we have arrived in this matter is, that the action of the Circuit Court of Duval county in thus, without notice, dismissing a cause after final decree and after an appeal, which operated as a *supersedeas*, is void. After such an appeal perfected, the jurisdiction of this court attached; that jurisdiction was appellate; the

whole case was before this court. This jurisdiction was also necessarily exclusive, in so far as its power over the final decree of the Circuit Court was concerned. Appellant Holland has a right to have the merits of that decree reviewed by this court, and to an order dismissing the bill as against him, if there is no equity in it. This would be an express determination in his favor, which is something very different from a simple dismissal of the bill by the plaintiff.

These principles are so elementary and the conclusions stated so plainly and necessarily correct, that we would not, in ordinary cases, make the least reference to authority to sustain them. In view, however, of the importance of this case and the zeal with which this motion has been urged by the State, it is deemed proper so to do here.

The Supreme Court of Tennessee (5 Cold. 647), in a case involving this question, hold and decide "that upon an appeal to that court, and an execution of the bond, the case is immediately transferred to that court, and the court be-low had after its rise no longer any jurisdiction of the case. The entrance of dismissal in the court below is a nullity."

The Supreme Court of Kentucky (6 J. J. Mar. 353), in speaking of the effect of an appeal upon the power of the court below, say: "An appeal having been taken from it, if it was final, the appellate court could alone reverse or affirm it, and if it were merely interlocutory, an appeal having been taken by consent, shows the determination of the parties to refer the future decision of the controversy to the appellate court, and, from necessity, the action of the Circuit Court would be suspended by the appeal until the appellate court had disposed of it. There could not be a greater absurdity in judicial proceedings than to have a cause progressing at the same time in the inferior and appellate tribunals of this country."

The Supreme Court of Missouri (35 Mo. 515; 41 Mo. 494) say: "After an appeal is prayed for and allowed, the record cannot be changed or altered by either party. An

entry cannot be filed *nunc pro tunc*, and no addition can be made to it. The court below has ceased to have any jurisdiction over it."

The same doctrine prevails in all the States where the direct question has been presented, considered and adjudged. 12 Iowa, 461; 15 Iowa, 445; 8 Cal. 135; 6 Grat. 669; 17 Pick. 142; 20 Pick. 512; 4 Mar. Chy. 267; 1 Fla. 1; 19 La. 168.

The third ground urged for dismissal is because the " case is not embarrassed with any question which might be presented, by an answer setting up counter claim, or cross-bill praying for affirmative relief."

The rule we have announced is general. It embraces cases of counter claim and where affirmative relief is prayed by defendant as well as all others.

The fourth ground urged is that " the State is not bound, nor is the court, to furnish Holland an opportunity in this suit to agitate pure questions of law; he can bring his own suit for this if he desires."

Holland, upon this appeal, has the right, as any other party to an appeal has, " to agitate pure questions of law," as well as questions of fact.

*The motion is denied.*