THOMAS J. MOODY, *Appellant,* v. VOLUSIA COUNTY, *et al. Appellees.*

En Banc.

Opinion Filed December 19, 1925.

1. While an appeal taken from an interlocutory order is pending in the Supreme Court and while such court has jurisdiction of the matter presented on appeal, the Circuit Court of original jurisdiction is without power to make an effective order dismissing the cause.

2. Where an appeal is duly taken, whether with or without supersedeas, so as to transfer the cause to the appellate court, the trial court is without power to finally dispose of the cause by dismissal or otherwise so as to in form or effect interfere with the power and authority of the appellate court, under the Constitution, to make its jurisdiction and orders or decrees effective in the cause to which the organic appellate jurisdiction has attached by due course of appellate procedure.

Motion to dismiss is denied.

*Abbott & Gaulden,* for Appellant;

*Landis, Fish & Hull* and *Erskine W. Landis,* for Appellees.

BUFORD, J.—On August 19, 1925, appellant filed in Circuit Court of Volusia County, Florida, in chancery, a bill of complaint praying for an injunction to restrain the defendants in error from doing and performing certain acts in connection with the construction of certain roads in said Volusia County described in the bill of complaint. Thereafter and after due notice appellant applied to the Honorable Circuit Judge presiding as chancellor for a temporary restraining order based on the allegations of the bill of complaint. The application was denied by the chancellor on the 19th day of August, 1925. Appellant then amended his bill of complaint and renewed his application for restraining order based on the allegations of the bill as amended. After hearing on this application, the chancellor again dened the application.

From the two orders of the chancellor denying the application for temporary injunction the appellant took appeal to this court.

While the appeal was pending in the Supreme Court of Florida and while this court had jurisdiction of said matter presented on such appeal other proceedings were had in the court below, which proceedings resulted in an order being entered by the clerk of the Circuit Court of Volusia County in said cause on the 2nd day of November, 1925, dismissing said cause from the docket of said court.

Now the appellees present their motion to this court praying an order dismissing the appeal from this court on the ground that the action is no longer pending in the Honorable Circuit Court of Volusia County and alleging that any decree of that court must be of no effect in said cause, because the same has been so dismissed from the Circuit Court of Volusia County.

In an opinion rendered by this court May 30, 1925, it was held "where an appeal is duly taken, whether with or without a supersedeas, so as to transfer the cause to the appellate

28—Vol. 90.

court, the trial court is without power to finally dispose of the cause by dismissal or otherwise so as to in form or effect interfere with the power and authority of the appellate court, under the constitution, to make its jurisdiction and orders or decrees effective in the cause to which the organic appellate jurisdiction has attached by due course of appellate procedure.'' Willey v. W. J. Hoggson Corp., — Fla. —, 105 South. Rep. 126.

The motion to dismiss is denied.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL AND STRUM, J. J., concur.