MARY FLETCHER HARTMAN, and her husband, GUY L.
HARTMAN, and R. H. FLETCHER, and his wife, LILLIE F.
FLETCHER, *Appellants*, vs. P. J. POOL, and WALTER W.
TAYLOR, Transferee, *Appellees*.
139 So. 589.
Division B.
Opinion filed December 11, 1931.

*Edwards & Cutts,* of Lakeland, for Appellants;

*Summerlin & Wimberly,* of Winter Haven, for Appellees.

DAVIS, J.—In this case an appeal was taken from certain interlocutory orders entered in a foreclosure case. No supersedeas was had after these interlocutory orders were entered, so the case proceeded in the court below to a final

decree against the appellants. The final decree was also appealed from, and the case is now before the court on the two appeals, which have been consolidated for hearing on a single record.

The object of the suit was to foreclose a purchase money mortgage against two married women as subsequent purchasers who had acquired title to the property after the mortgage was given and recorded. The original mortgagors were not made parties to the suit because of the fact that they had given a warranty deed to the appellants and had thereby parted with all their interest in the property in litigation. Conveyance of the original mortgagors' title to the two married women just mentioned was made subject to the mortgage, the debt of which was assumed and agreed to be paid by the grantees in such conveyance.

The original mortgage contained an acceleration clause and a covenant to pay costs of collection.

It is argued here that because of the fact that the defendants were married women, although they had acquired the legal title to the mortgaged property from the mortgagor after the mortgage was given, that the acceleration clause, and the covenant to pay attorney's fees and costs of collection contained in such mortgage, cannot be enforced against them under the principles laid down by this court in Blood v. Hunt, 97 Fla. 551, 121 Sou. Rep. 886.

Such objection is untenable. This is so because the covenant which is asked to be enforced as to acceleration and payment of expenses of foreclosure is the covenant of the original mortgagors, which is valid. The enforceability of the original mortgage and covenants thereof is not affected by the fact that the title has been conveyed to married women under a conveyance which required such married women to assume and agree to pay off the mortgage, whether the assumption is enforceable against such married women or not in this case. Neither the mortgagor

nor his grantees can prejudice the mortgagee by their transaction inter sese.

Neither is it any valid objection to this suit that there was an earlier attempt at foreclosure which was withdrawn upon stipulation of counsel to the effect that the foreclosure would be postponed on condition that the defendants would pay certain costs and expenses, if the foreclosure were deferred.

If, as contended by appellants, the terms of the stipulation are not binding on the appellants, because they were married women and incapable of binding themselves by such a contract as was made by their attorneys in the first suit, such stipulation must likewise be regarded as without effect for their benefit, and if we so regard it, and eliminate the stipulation from consideration the status of the right to foreclose reverts to where it was when the ineffectual stipulation was attempted, which was under circumstances of an acknowledged right of the complainant to then foreclose. So there was no error in overruling the objections asserted by the demurrers and answer on this ground.

Whether the appellants here being married women can be forced to carry out their agreement to assume and pay the mortgage debt, which was not joined in by their husbands or otherwise executed as married women's mortgages are required to be, is immaterial to the right of the mortgagee to foreclose the mortgage so as to bar any and all rights in the mortgaged property such married women may have acquired as subsequent purchasers thereof *cum onere*. Kennedy v. Brown, 61 Ala. 296.

A subsequent purchaser of mortgaged property, whether a married woman or not, who assumes the payment of prior existing mortgages upon property that such subsequent purchaser buys, as a part of the purchase price of such property, is estopped *to defend* against the foreclosure of such mortgage upon any ground. See Key West

Wharf & Coal Co. v. Porter, 63 Fla. 448, 58 Sou. Rep. 599. In such cases the *estoppel* which is recognized in cases of this character, and the reasons for it, are as much applicable on principle to married women as to other subsequent purchasers under like circumstances.

The final decree does not attempt to enter any personal judgment against the married women on their agreement for assumption of the mortgage debt, but simply forecloses their interests as being subordinate to the mortgage lien. The amount of the decree, which is for the debt, interest, costs and attorney's fees, is for the debt which the original mortgagors, not the married women, agreed to pay when the mortgage was executed. The attempted assumption of this debt by the married women who took the title, if invalid as argued here, leaves the original mortgagors' debt and covenants unimpaired and the decree of foreclosure was properly predicated thereon.

It therefore appears that the final decree is correct and that it should be affirmed, which affirmance carries with it an affirmance of the interlocutory orders appealed from, the error in which, if any, has been rendered harmless if the error was afterward obviated in the final decree. See Mathews v. Card, 18 Fla. 761; Bzialynski v. Bank of Jacksonville, 23 Fla. 346, 2 Sou. Rep. 696; Caro v. Pensacola City Co., 19 Fla. 776.

On this point we find that whatever objection may have been properly raised by the demurrers and portions of the answer which were stricken, as to the right of the mortgagee to have judgment against the married women on their assumption of the mortgage debt, is rendered harmless by the final decree which expressly avoids the entry of any such judgment. So any error on this point committed in the interlocutory orders has been cured.

The receivership order which was acquiesced in for a long period of time appears to have been necessary to preserve the property when entered. There is no showing

that the court violated equitable principles either in granting it, or in refusing to dissolve it several months later upon motion therefor.

The final decree, which was before us on the second appeal, was entered in due course before the supersedeas, which had been applied for on the first appeal, which was from the interlocutory orders, became effective.

There was no error in the court's proceeding to a final decree under the circumstances, since, where there is no effective supersedeas, the validity of a final decree entered while an appeal from an interlocutory in the same cause is pending, is always subject to the order or decree made by the appellate court on the undisposed of interlocutory appeal pending at the time of entry of such final decree. Willey v. Hoggson Corporation, 89 Fla. 446, 105 Sou. Rep. 126; Moody v. Volusia County, 90 Fla. 864, 107 Sou. Rep. 185; Lucerne Properties v. Hobbs, 98 Fla. 162, 123 Sou. Rep. 571. And, as pointed out in Willey v. Hoggson, *supra*, the final decree may sometimes so cure the errors complained of on the interlocutory appeal as to warrant the dismissal of that appeal as moot. See 9th headnote.

The appellants, while married women and entitled to all the protection that the constitution and the laws of this State may throw about them in proper cases, nevertheless acquired title to the property burdened with the mortgage which has been foreclosed in the present case, and we find no just cause for complaint on their part that the court proceeded to foreclose such mortgage in exactly the same way that it would have proceeded had the appellants, as defendants to the foreclosure, each been a feme sole. The decree and order appealed from should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.