W. B. SHELBY CRICHLOW, *et ux.*, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

152 So. 849.
Division A.
Opinion Filed December 30, 1933.
Petition for Rehearing Denied March 7, 1934.

W. B. Shelby Crichlow, for Appellants;
John B. Singletary, for Appellee.

ELLIS, J.—The case was argued in September, 1933. It was dismissed and then reinstated. It was a proceeding in chancery to enforce a mortgage lien upon a certain lot of land in Upham's Addition to Bradenton in Manatee County. The mortgage was executed to secure a promissory note dated October 30, 1926, for the sum of Seventy-five Hundred dollars payable to the order of W. B. Smith Corporation, a Georgia corporation, and so worded that Three Hundred and Seventy-five dollars were payable

each year for four years beginning October 30, 1927, and six thousand dollars on October 30, 1931. The note bore seven and a half per centum interest until maturity and ten per centum interest after maturity.

On October 30, 1926, both note and mortgage were transferred to The Equitable Life Assurance Company, the complainant below. The suit was begun December 11, 1930. The bill alleged that the sum of Three Hundred and Seventy-five dollars due October 30, 1930, had not been paid nor had the interest due on that date been paid; that taxes on the property for the years 1927, 1928 and 1929 due to the City of Bradenton had not been paid by the defendants but the complainant had paid the same.

The mortgage contained an acceleration clause under which the mortgagee at its option might declare the entire debt remaining unpaid to be due upon the failure of the mortgagor to pay any part of the principal or interest which accrued and became due under the terms of the instrument or in default of the payment of taxes.

Mrs. Lillian C. Crichlow, wife of W. B. Crichlow, executed both note and mortgage, and the latter was duly acknowledged and recorded. Mary B. Andrew and Ellen B. Andrew were made defendants with Mr. and Mrs. Crichlow.

· The Crichlows appeared to the bill in January, 1931. In February a stipulation was entered into under which the Crichlows were allowed further time in which to interpose defenses to the bill and in March, 1931, they interposed their demurrer to the bill which was overruled on May 1, 1931, and the Crichlows allowed until June, 1931, to plead. From that order the Crichlows appealed on the last named date and on the same day a decree *pro confesso* was entered by the clerk against the defendants. On the 8th day of June, 1931, an order of service by publication

was obtained upon the affidavit of John B. Singletary, solicitor for complainant, that the place of residence of Mary and Ellen Andrew was unknown. In August, 1931, a disclaimer was entered by the defendants, Mary and Ellen Andrew.

The assignment of error made by the Crichlows was that the court erred in overruling the demurrer to the bill. No supersedeas was obtained below and the cause proceeded to the taking of testimony and a final decree which was entered on November 2, 1931. The defendants Crichlow then entered their appeal from the final decree. That appeal was entered on December 2, 1931, and on the same day the court made an order fixing the amount of the supersedeas bond at three hundred dollars. The bond was executed and approved on the same day. The first appeal was returnable August 24, 1931, the second March 2, 1932.

This Court affirmed the order from which the first appeal was taken on December 21, 1931. See Crichlow v. Equitable Life Assur. So. of United States, 103 Fla. 959, 138 Sou. Rep. 481.

The point in the second appeal is that the first appeal transferred to the Supreme Court jurisdiction of the cause and therefore the Circuit Court had no power to proceed with the determination of the cause on the merits, having lost jurisdiction of it by the first appeal. That contention is unsound, as has many times been decided by this Court. See Hartman v. Pool, 103 Fla. 858, 139 South. Rep. 589; Willey v. Hoggson, 89 Fla. 446, 105 South. Rep. 126; Moody v. Volusia Co., 90 Fla. 864, 107 South. Rep. 185; Lucerne Properties, Inc., v. Hobbs, 98 Fla. 162, 123 South. Rep. 571.

The jurisdiction of the Supreme Court is exclusive only as to the subject covered by the appeal. Willey v. Hoggson, *supra.*

Where there is no supersedeas taken in an appeal from an interlocutory order the lower court may proceed further after the appeal, but such proceedings are subject to the orders or decrees of the appellate court in the cause on the appeal.

The limitation upon this rule extends only to the point of depriving the lower court of the power to finally dispose of the cause by dismissal or otherwise so as to in form or effect interfere with the power and authority of the appellate court under the Constitution to make its jurisdiction and orders effective in the cause to which the organic appellate jurisdiction has attached by due course of appellate procedure. Moody v. Volusia Co., *supra*.

This Court dismissed the first appeal as being without merit but gave leave to the Chancellor to amend his order on the demurrer so as to allow the defendants in the court below to plead or answer the bill within such time as the Chancellor may fix. As the cause proceeded after the appeal and the defendant made no effort to answer the bill and sought no order allowing him to do so he is in no position to complain as all subsequent proceedings were subject to the orders of this Court. If application had been made for leave to interpose a plea or answer and there had been merit in the proposed pleading an order denying leave to file such pleading would have been reviewed on the second appeal, but no such procedure was taken. Appeals from interlocutory orders and supersedeas requirements were instituted to expedite the disposition of causes not to place obstacles in the way of a speedy determination of them. If the proposition contended for by appellant in this case were sound the purpose of appeals from interlocutory orders would be defeated.

The decree is affirmed.

Davis, C. J., and Terrell, J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.