ADRIENNE JINDRA v. FRANCIS B. WIERS, as Trustee, etc.

153 So. 510.
Division A.
Opinion Filed March 1, 1934.

*Joseph Weintraub*, for Appellant;
P. L. *Gaskins*, for Appellee.

DAVIS, C. J.—This is an appeal taken by Adrienne Jindra, defendant below, from a final decree of the Circuit Court of Dade County in a suit in equity brought by the appellee for the foreclosure of a real estate mortgage.

On petition of the original complainant, an assignee of the mortgage (which mortgage had been transferred *pendente lite*) was allowed to be substituted as party complainant. The contention of appellant is that such substitution could only have been accomplished by a supplemental bill. So the proposition we have to decide in this particu-

lar is, whether or not a petition, rather than supplemental bill, can be employed as an appropriate procedure for substituting a party complainant in a mortgage foreclosure who has, *pendente lite,* purchased and become the owner and holder of the notes and mortgage being foreclosed.

Our conclusion is that a complete answer in support of the affirmative is to be found in the 1931 Chancery Act (Chapter 14658, Acts of 1931). Section 10 of that Act reads as follows:

"Section 10. SUBSTITUTION OF GRANTEE OR ASSIGNEE AS PLAINTIFF. The grantee or assignee of a cause of action (including receivers, liquidators and trustees in bankruptcy), *pendente lite,* may, on the order of the Court, be substituted as plaintiff on verified motion or petition of the plaintiff, or the grantee or assignee himself, after notice to the party or parties affected."

In the present case the substitution was made in strict conformity with the statute above quoted. While it has been heretofore held in such cases as Lake Mabel Development Corp. v. Bird, 99 Fla. 253, 126 Sou. Rep. 356, and cases therein cited, that a purchaser of a note and mortgage pending its foreclosure, in order to continue the action in his name as the real owner, should bring himself forward in the suit, not by petition, but by supplemental bill, the effect of the section of the 1931 Chancery Act above quoted is to render a petition sufficient for the purpose of a substitution that formerly required a true supplemental bill— a petition in such case being merely a statutory substitute for a supplemental bill.

One of the principal purposes of the 1931 Chancery Act was to simplify our Chancery procedure by obviating the emphasis heretofore placed on mere forms of Chancery pleadings by providing for the substance of the ancient procedure to be retained, but under a few new simply des-

ignated general forms plainly adaptable for all purposes hitherto requiring an adherence to nomenclature not at all consonant with the simplicity and directness required in modern times with increasing congestion in the courts.

The other proposition of law argued on behalf of appellant has been so recently answered by this Court in the case of W. B. Shelby Crichlow v. Maryland Casualty Co., 113 Fla. 668, 152 Sou. Rep. 849, opinion by ELLIS, J., filed November 28, 1933, that we deem a mere reference to that case a sufficient discussion of the lack of merit in the proposition appellant insists upon with reference to qualification of complainant to maintain the suit under the circumstances here shown of record.

The decree appealed from is accordingly affirmed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.