HORTON, Judge.'
This is an interlocutory appeal from an order denying the appellant’s motion to compel the attendance of two of the appel-lees at a deposition. In denying the motion, the court below in part said:
“ * * * that certiorari has been taken by plaintiff from the ruling of this court on a previous matter before this court; that should certiorari be granted that such an order might not be necessary and that the Court having lost jurisdiction by this suing out of said certiorari and it is not shown to be pressing that said order should be entered * *
The appellant urges two principal points on appeal for reversal namely, (1) that the appellant had a right to take the deposition and no discretion was vested in the court that would warrant a denial, and (2) that the court did not lose jurisdiction upon the taking of an interlocutory appeal from an order denying a motion for temporary injunction. We are compelled to the conclusion that upon both points the answer must be adverse to the appellant’s contention.
There was pending at the time a motion to dismiss the complaint filed on behalf of the appellees.
In Hollywood, Inc., v. Broward County, Fla.1956, 90 So.2d 47, Associate Justice Carroll, speaking on behalf of the court said:
“On the latter point, the order preventing the depositions was within the discretion of the Court under 30 F.S.A., Rule 1.24(b) of the 1954 Florida Rules of Civil Procedure. The depositions were noticed while motions to dismiss were pending. The granting of those motions and dismissal of the cause, within a few days after the ruling on the depositions, rendered that question unsubstantial if not moot.” See also City of Miami Beach v. Wolfe, Fla. 1955, 83 So.2d 774.
It should be pointed out here that the order appealed from was made at a time when an interlocutory appeal from an order denying a temporary injunction was pending before this court (102 So.2d 398).
This was an equitable action which-primarily sought injunctive relief prohibiting the appellees from continuing or repeating a certain alleged conspiracy or action,, the alleged purpose of which was to require the appellant to employ union plumbers. The consideration of the application for temporary injunction necessarily required an examination of the allegations of the bill of complaint to ascertain and determine if there was any equity in the bill. This as we see it was the main issue of the *672 case. See McMullen v. Pinellas County, 90 Fla. 398, 106 So. 73; and Hall v. Hanford, Fla.1953, 64 So.2d 303. It was therefore the main issue on the interlocutory appeal from the order denying the temporary injunction. With this in mind, the chancellor was not unwarranted in concluding that a decision on appeal from the order denying temporary injunction could ultimately he determinative of the basic issue in the case.
We have carefully examined the authorities cited by appellant to support its position that the court below did not lose jurisdiction by the proceedings on interlocutory appeal, but do not consider the rule enunciated in those cases to be absolute but is to be applied according to the nature of the cause and the order or decree appealed from. We recognize that in certain instances and where the facts and circumstances of the case permit, an interlocutory appeal will not always prevent the trial court from further judicial proceedings in the cause.
One of the leading cases on this question and one cited by the appellant is Thursby v. Stewart, 103 Fla. 990, 138 So. 742, 751, wherein the court said:
“It is a general rule that, when an appeal is perfected, the cause becomes one for the cognizance of the appellate court, and for that court alone. The authority of the lower court is terminated, and it cannot proceed in the cause, at least as to the subject-matter of the appeal, until the appeal is heard and determined.”
The same rule in different language was adhered to by the court in Lee v. Bond-Howell Lumber Co., 123 Fla. 202, 166 So. 733, at page 736, when it said:
“An appeal duly taken transfers jurisdiction of the appealed cause to the appellate court. The judicial authority of the lower court to further proceed with respect to what is involved in the subject-matter of the appeal is thereby terminated until the appeal is heard and decided by the court having jurisdiction of the subject-matter appealed, unless otherwise authorized by the appellate court.”
Accordingly, the order appealed from is affirmed.
CARROLL, CHAS., C. J-., concurs.
PEARSON, J., concurs specially.