118 So.2d 817 (1960)
Stephen MANDRACHIA, Appellant,
v.
RAVENSWOOD MARINE, INC., a Florida Corporation, Appellee.
No. 1544.
District Court of Appeal of Florida. Second District.
March 11, 1960.
Rehearing Denied March 30, 1960.
*818 Robert C. Abel, Jr., Saunders, Curtis, Ginestra & Gore, Fort Lauderdale, for appellant.
Carl A. Hiaasen, McCune, Hiaasen, Crum, & Ferris, Fort Lauderdale, for appellee.
ALLEN, Chief Judge.
The appellant was the plaintiff and the appellee was the defendant in the lower court.
The plaintiff filed a complaint alleging that he and defendant entered into a contract whereby the defendant was to construct a boat for the plaintiff for which plaintiff was to pay defendant the sum of $24,500; that defendant failed to perform the contract as promised in that the Coast Guard notified defendant and the plaintiff that the construction was not up to required specifications for 100 mile trips into the Atlantic; and that plaintiff asked for a rescission of the contract and a return of the money already paid to the defendant under the contract. The defendant answered setting up various defenses, the first of which was that the complaint failed to state a cause of action, and the defendant also counterclaimed for the amount due under the contract.
The lower court entered an order granting defendant's motion to dismiss the complaint. The court held that the allegations of fraud were not adequately alleged in the complaint and gave the plaintiff fifteen days within which to amend. The plaintiff filed an interlocutory appeal to this court prior to the elapse of the fifteen days within which he was required to amend the complaint.
The defendant filed a motion in the lower court for entry of a final decree on the grounds that plaintiff had not amended his final complaint nor had he sought to supersede or stay the prior order. The lower court entered an order holding that the plaintiff had not amended nor had he asked for an extension; that the prior order of dismissal had not been superseded; and that although defendant's motion was improper, the court would treat the motion as having been made pursuant to Rule 1.35 (b), 1954 Rules of Civil Procedure, 30 F.S.A., and, therefore, plaintiff's complaint was dismissed with prejudice.
*819 The appellant filed a motion to dismiss the interlocutory appeal which was granted by this court. This appeal is from the first order granting the motion to dismiss and from the final order of dismissal.
The United States Coast Guard notified the plaintiff that the vessel being built could only be used for coastwise fishing and charter trips and could not be used when completed for charter trips to the Bahamas as this would be beyond the safe range from the coast for the vessel.
After learning that the boat would be unsuitable for Bahama trips, the plaintiff refused to make further payment and brought this action to cancel the contract and for a return of the money which had been paid to the defendant.
The complaint of the plaintiff was in two counts. Under the first count plaintiff contends that the defendant was in default of an essential part of the performance of the contract in that the vessel would not be capable of carrying charter sport fishing parties to and from various fishing areas in and about the Bahamas.
The only paragraph in Count I that mentions the purpose of the vessel to be built appears in sub-paragraph (c) of paragraph II, which is as follows:
"(c) The vessel, pursuant to contract, was to be a custom fishing vessel to be used for charter for sport drift fishing and carriage of chartered parties for said drift fishing in and around this area, and particularly including the Bahama Islands."
Paragraph II (d) provides:
"At the time this contract was entered into plaintiff and defendant signed an instrument prepared by defendant and labeled `contract.' Said document set forth various specifications plus parts of the covenants and conditions of said contract. A copy of said document is attached hereto and made a part hereof as Plaintiff's Exhibit 1."
Plaintiff's Exhibit 1, which appears on pages 10, 11, 12 and 13 of the appendix in plaintiff's brief, nowhere mentions the purpose for which the boat was to be built. The exhibit is apparently a complete contract to build the vessel in question. The statement appearing in the above mentioned paragraphs (c) and (d) are conclusions of the pleader that the contract entered into between the plaintiff and the defendant provided for a vessel to be built that would be a custom fishing vessel sufficient for drift fishing in and around this area and particularly including the Bahama Islands. We find no allegation of facts in Count I of the complaint that justifies this conclusion.
Appellant in his brief, page 3, states:
"In Count One, in addition to the foregoing facts, plaintiff alleged that said contract was part oral and partly in writing, attaching a copy of the written portion of the contract which essentially contained specifications to the complaint. Plaintiff alleged additionally that the oral part of the contract was to the effect that the vessel was to be a custom fishing vessel to be used for charter for sport drift fishing and carriage of chartered parties for said drift fishing in and around this area, and particularly including the Bahama Islands. * * *"
As we have stated above, we do not find such allegations factually stated in Count I. The lower court properly granted the motion to dismiss the complaint insofar as Count I is concerned.
In Count II the plaintiff does state that the defendant represented that the vessel would be usable for sport drift fishing in and around this area, particularly including the Bahamas. Sub-paragraphs (c) and (d) of Count II are as follows:
"(c) At the time the contract was entered into defendant falsely represented *820 to plaintiff that said vessel would be usable for sport drift fishing and carriage of chartered parties for said drift fishing in and around this area, particularly including the Bahamas.
"(d) Plaintiff, acting upon and in reliance on the aforesaid statement so advanced and made by defendant, and acting upon the assumption that the same were true, executed said contract."
The plaintiff also makes, by reference, Exhibit I a part of Count II.
The plaintiff contends in Paragraph XI of Count II that the defendant's failure to submit plans and specifications prior to commencing construction of the vessel and its failure thereafter to obtain Coast Guard approval of the design and construction of the vessel, constituted (a) a wrongful repudiation of the contract by defendant; (b) a substantial failure by defendant of consideration for plaintiff's covenants; (c) a material default and essential failure of performance of defendant, rendering the performance of the remainder of said contract a thing different in substance from that which was contracted for, to-wit, a vessel capable of carrying charter sports fishing parties to and from various fishing areas in and about the Bahamas; (d) a material fraudulent representation made by defendant for the purpose of inducing plaintiff to enter into said agreement, upon which plaintiff had a right to rely and did so to his material detriment.
The lower court, in his order granting the defendant's motion to dismiss the complaint, stated:
"In a complaint alleging fraud, the allegations setting out the fraud must be positively and clearly alleged, even under the new rules of civil procedure. See: Potakar v. Hurtak [Fla.], 82 So.2d 502; Canell v. Arcola Housing Corp. [Fla.], 65 So.2d 849."
The opinion of the Supreme Court in Potakar v. Hurtak, supra, affirmed an order of the lower court dismissing a complaint in an action by a purchaser of a restaurant for damages in deceit on account of allegedly false representation that the restaurant had made profit in the past. In the opinion it was said:
"The amended complaint did not allege what statement was made by the defendant other than that he made a false statement as to past profits of a certain restaurant business. There were no allegations as to the past profits, no showing as to the right of the plaintiff to rely on past statement, no fact stated as to the diligence on the plaintiff's part in investigating, or failing to investigate such facts, or how he was prevented from investigating the past profits of the said business.
"In the case of Fote v. Reitano, Fla., 46 So.2d 891, 893, Justice Roberts in his opinion stated that reliance upon a false representation is an essential element of a cause of action in deceit and that the party seeking to rescind a contract must prove that he was justified in relying upon such false representation.
* * * * * *
"23 Am.Jur., Fraud and Deceit, p. 960, Sec. 155, states the general rule as to duty to investigate fraudulent statements. It is there stated: `The authorities are well agreed that the principle of right of reliance is closely bound up with a duty on the part of a representee to use some measure of protection and precaution to safeguard his interest. It is well settled, as a broad generalization, that a person to whom false representations have been made is not entitled to relief because of them if he might readily have ascertained the truth by ordinary care and attention, and his failure to do so was the result of his own negligence. *821 Although the authorities are in accord on the abstract proposition that there is no right of reliance if the conduct of the representee constitutes negligence in the premises, under the circumstances of the case, the nature of the transaction and representations, and the situation of the parties, the authorities are not in perfect accord as to the standard by which the conduct of the representee is to be judged. According to some courts, the test is objective. It has frequently been stated that in order that false representations be a ground for an action of deceit, or for rescission of a contract entered into in reliance thereon, they must be such as are calculated to impose upon or deceive a person of ordinary prudence, and of such a character that a reasonable prudent person would rely on them. According to other courts, the standard for measuring the conduct of the representee is subjective, based not on what the ordinary man would do under the circumstances, but on what the particular representee should have done. Under this view, the test for determining whether one party to a transaction has a right to rely on representations of the other is not whether a reasonable man would be justified in relying on such representations, but whether they were of such a nature and made in such circumstances that the complaining party had a right to rely thereon. A rule which has been approved, and which combines those elements of both the objective and subjective tests which have been stated by the courts enunciating them to be desirable, is that in measuring the right to rely upon representations, every person must use reasonable diligence for his own protection. Under any standard of conduct, and in the absence of accompanying actual deception, artifice, or misconduct, it is well agreed that where the means of knowledge are at hand and are equally available to both parties, and the subject matter is equally open to their inspection, if one of them does not avail himself of those means and opportunities, he will not be heard to say that he was deceived by the other's misrepresentations. * * *'" [82 So.2d 503, 504.]
We are of the opinion that the lower court should be affirmed in its order dismissing the complaint.
The plaintiff below took an interlocutory appeal to this court. Subsequently the lower court entered a final judgment dismissing the complaint with prejudice because the plaintiff had failed to amend his complaint within 15 days from the date of the lower court's order dismissing the complaint. At the request of the plaintiff this court dismissed the interlocutory appeal.
The effect of the final judgment dismissing the complaint with prejudice, if affirmed, would preclude the appellant from filing an amended complaint.
It is the general rule that when an appeal is perfected that the subject matter of the appeal is withdrawn from the lower court which terminates the authority of the lower court so that it cannot proceed in the cause at least as to the subject matter of the appeal until the appeal is heard and determined or unless authorized by the appellate court. See Thursby v. Stewart, 103 Fla. 990, 138 So. 742; and Willey v. W.J. Hoggson Corporation, 89 Fla. 446, 105 So. 126.
We are of the opinion that the lower court erred in dismissing the complaint with prejudice.
The order of the lower court granting a motion to dismiss the complaint is affirmed with permission to the plaintiff to file an amended complaint on the remand of this cause.
KANNER and SHANNON, JJ., concur.