SWANN, Judge.
The husband, Carmen Ramona, and the wife, Isabel Ramona, were divorced in 1964. The final decree of divorce contained provisions for child support and alimony and provided that the:
“court retains jurisdiction to modify the alimony and support payments hereunder in the event that defendant’s income shall increase. That no later than June 15th of each year, the defendant [husband] shall forward to the plaintiff, certified copies of his income tax return.”
The final decree also provided that the court retained jurisdiction of the cause for all further orders as may be meet and proper. No appeal was taken from the final decree.
In June of 1968, the ex-husband petitioned for modification of the final decree which required him to forward a copy of his income tax return each year to the ex-wife. He argued that since he had remarried and his tax returns were filed jointly with his new wife that this constituted an invasion of the right of privacy of his new wife.
Subsequently, the ex-wife petitioned for an order compelling the ex-husband to comply with the final decree setting forth that he had failed to supply her with his income tax returns for 1966 and 1967.
The trial court on October 11, 1968 entered its order giving the ex-husband the option of either forwarding to the ex-wife a copy of his income tax returns or an affidavit setting forth his gross income for the previous calendar years. The ex-husband took an interlocutory appeal from that order. No supersedeas or stay was requested or entered in the trial court.
Later, the trial court entered an order compelling compliance with its order dated October 11, 1968.
The ex-husband has filed an interlocutory appeal from that order and the two interlocutory appeals have been consolidated.
Under the circumstances involved herein, we do not find that any reversible error has been committed.
The final decree of divorce which required the ex-husband to supply this information was not appealed and the ex-husband himself sought a modification of its provisions. See 2 Fla.Jur., Appeals § 305. The trial court modified its provisions by giving the ex-husband the option of forwarding to the wife a copy of the income tax returns or an affidavit setting forth his gross income.
The argument that the trial court could not proceed to compel compliance with the order which was the subject matter of the first interlocutory appeal may have some merit. Cf. Mandrachia v. Ravenswood Marine, Fla.App. 1960, 118 So.2d 817; and Buck Plumbing v. Bel-Aire, Inc., Fla.App.1958, 103 So.2d 670.
*571 In view of the representations that the lower court has not enforced, or attempted to enforce, its second order compelling compliance, we do not pass upon this question. See 2 Fla.Jur. Appeals § 136.
Upon the mandate issuing in this cause the trial court may then proceed to enforce its orders.
For these reasons the two orders which are the subject matter of these interlocutory appeals be and the same are hereby
Affirmed.