PER CURIAM.
These interlocutory appeals from two orders of the trial court have been consolidated.
The first order dated February 4, 1970, required the defendant, within 10 days of the order, to deposit in the registry of the court the sum of $350,000.00 or to file a good and sufficient surety bond in that amount. The deposit of bond was to pay all costs or damages incurred or sustained by the plaintiffs (appellees) as a result of the defendant having improperly or illegally executed certain promissory notes to a third corporation. It appears that an as-signee of the corporation has filed suit *154 for collection of the notes in Cartagena, Colombia. The defendant Elias Ganem has taken interlocutory appeal No. 70-159 from the order of February 4, 1970.
We find that under the facts and circumstances in this case there was no abuse of judicial discretion and the court did not exceed its authority in requiring the deposit or in the alternative, the bond; Bowling v. National Convoy & Trucking Co., 101 Fla. 634, 135 So. 541 (1931); and that there was sufficient proof to warrant the granting of the order. Zetrouer v. Zetrouer, 89 Fla. 253, 103 So. 625 (1925).
The order should have required plaintiffs to post a bond, however. See Belk’s Department Store, Miami, Inc. v. Scherman, Fla.App.1960, 117 So.2d 845; and R.C.P. 1.610(b), 31 F.S.A.
We have considered the other points raised by Elias Ganem for reversal of this order and find them to be insufficient. Interlocutory appeal No. 70-159 from the order of February 4, 1970 is affirmed upon the condition, that upon remand, the order shall continue upon plaintiffs giving a bond with good and sufficient surety as determined by the Chancellor. See Belks, supra.
The plaintiffs filed their motion for rule to show cause against the defendant Elias Ganem and served his attorney. See Ginsberg v. Ginsberg, Fla.App.1960, 122 So.2d 30.
The defendant by interlocutory appeal No. 70-260 challenges the order of March 4, 1970 in which the trial court held him in contempt for failure to comply with its order of February 4, 1970.
After the order of February 4, 1970 was rendered, defendant Elias Ganem filed his notice of appeal to this court. His application for a stay of that order during the appeal was denied by the trial court and by this court.
It is clear that the trial judge was entitled to enter the order of contempt for failure of the defendant to comply with its order of February 4, 1970, and that the defendant’s appeal of that order without a stay or supersedeas, did not affect the enforceability of the order pending the appeal. It was an order entered by a court having jurisdiction over the cause and the parties and was valid and enforceable until superseded, stayed, or reversed on appeal.
The orders herein appealed are, therefore,
Affirmed.