330 So.2d 227 (1976)
WALTHAM A. CONDOMINIUM ASSOCIATION et al., Appellants,
v.
VILLAGE MANAGEMENT, INC., et al., Appellees.
No. 75-1380.
District Court of Appeal of Florida, Fourth District.
April 2, 1976.
Rehearing Denied May 5, 1976.
*228 Michael B. Small, Small, Ciklin & Jacobson, West Palm Beach, for appellants.
John B. McCracken, Jones, Paine & Foster, West Palm Beach, for appellee-Village Management, Inc.
OWEN, Judge.
Appellants were held in contempt of court for their willful failure to comply with a previous interlocutory order entered in this cause. Appealing from the contempt order, their first point is that the trial court was without jurisdiction to hold them in contempt for violation of the earlier interlocutory order because they had timely perfected an interlocutory appeal from that order,[1] thereby withdrawing from the trial court the subject matter thereof. The earlier order had not been superseded, and therefore appellants' position is unsound. Nonetheless, this point presents us with the opportunity to clarify an area of the law as to which there has been a great deal of confusion: the power of the lower court to proceed in a cause while an interlocutory appeal is pending.
While there is some confusion even in those cases in which the appealed interlocutory order has been superseded or stayed, by far the greatest area of confusion is found in those cases in which the appealed interlocutory order has not been superseded or stayed, the confusion arising out of the contradictory language used and inconsistent results reached in the various reported decisions discussed hereafter. Some of the apparent contradictions and inconsistencies can be satisfactorily reconciled or distinguished, but others cannot. We therefore conclude, that if the law on this particular issue is to be clarified, we must of necessity state the proper rule of law as we perceive it to be, and, in all deference, declare erroneous those decisions which cannot be satisfactorily distinguished and which have set forth a view contrary to that which we believe to be the proper rule of law.
The leading Florida case on the rule pertaining to the authority of the lower court to proceed pending an interlocutory appeal without supersedeas is Willey v. W.J. Hoggson Corporation, 89 Fla. 446, 105 So. 126 (1925). That case, interestingly enough, was concerned with defining appellate rather than trial court jurisdiction. Plaintiffs appealed without supersedeas from an interlocutory order sustaining defendants' demurrer to the complaint. While this interlocutory appeal was pending, the trial court entered a final decree dismissing the complaint. When no appeal was taken from the final decree, defendants moved to have the interlocutory appeal dismissed as moot in light of the final, unappealed disposition of the case. It was this motion which precipitated the Supreme Court's oft cited opinion. The Court denied defendants' motion to dismiss the appeal, setting forth the following, eminently logical reasons for its decision:
"The nature of a cause and of the order or decree appealed from might be such that, subject to the appeal, the trial court may properly take further judicial proceedings in the cause (Waring v. Bass, 76 Fla. 583, 80 So. 514), or the order or decree appealed from may be executed or enforced, unless a supersedeas is duly obtained and made effective as an incident to the appeal taken (3 C.J. 1258; Henry v. Whitehurst, 66 Fla. 567, 64 So. 233); but where an appeal is duly *229 taken, whether with or without a supersedeas, so as to transfer the cause to the appellate court, the trial court is without power to finally dispose of the cause by dismissal or otherwise so as to in form or effect interfere with the power and authority of the appellate court, under the Constitution, to make its jurisdiction and orders or decrees effective in the cause to which its organic appellate jurisdiction has attached by due course of appellate procedure.
In this case the question whether a supersedeas was obtained is not material. An appeal was duly taken from an order sustaining a demurrer to a bill of complaint on the ground that there is no equity in the bill. No supersedeas was obtained, and even though in the absence of a supersedeas the trial court had the power to permit or require other proceedings in the cause that would not tend to impair or to interfere with the appellate jurisdiction and power of the Supreme Court, or to defeat the efficacy of the appellate proceedings already duly taken, yet the dismissal of the bill of complaint by the lower court was subject to the result of the interlocutory appeal theretofore duly taken, otherwise the trial court would by such dismissal finally determine the merits of the cause which is the only matter involved in the appeal taken and then pending in the Supreme Court.
When the appellate court acquires jurisdiction of a cause, no order of the trial court can legally impair or interfere with the power of the appellate court to make its jurisdiction in the premises effective. An order of the trial court dismissing a bill of complaint, made after the appeal was duly taken, does not affect the jurisdiction of the appellate court. See Holland v. State, 15 Fla. 549. Should an interlocutory order appealed from be reversed, the decree and mandate of the appellate court is effectual to restore the dismissed case to the docket of the trial court. If an interlocutory order appealed from is affirmed, the dismissal of the cause in the trial court is not of material consequence."
* * * * * *
"To dismiss this appeal, under the circumstances shown by the record, would be to constitute the circuit court the sole and final arbiter of the sufficiency of the bill of complaint and divest this court of its constitutional jurisdiction to review such determination." (emphasis supplied) (105 So. at 128-9).
Shortly thereafter, Moody v. Volusia County, 90 Fla. 864, 107 So. 185 (1925), presenting an entirely analogous situation, was decided on the authority of the Willey case.
Six years later, in Thursby v. Stewart, 103 Fla. 990, 138 So. 742 (1931), the rule was first applied with respect to and as a limitation upon the jurisdiction of a trial court. In Thursby, plaintiff had filed for and been granted a temporary injunction. Defendants filed an interlocutory appeal from the order granting the injunction, but at the same time moved the lower court to dissolve the injunction. While the interlocutory appeal was pending, the lower court granted defendants' motion to dissolve the injunction and plaintiff appealed from that order. The two appeals were consolidated in the Supreme Court. Citing the "general rule" that:
"... when an appeal is perfected, the cause becomes one for the cognizance of the appellate court, and for that court alone. The authority of the lower court is terminated, and it cannot proceed in the cause, at least as to the subject-matter of the appeal, until the appeal is heard and determined. 3 C.J. 1252, 1255; 2 Enc.P. & Pr. 332. See, also, Holland v. State, 15 Fla. 549."
the Supreme Court held that the lower court was without authority to enter the order dissolving the injunction. The Court therefore reversed that order and proceeded *230 to consider the merits of the original order granting the injunction.
Later cases (to be discussed, infra) have relied upon the above-quoted language in Thursby v. Stewart as the statement of the rule governing lower court proceedings pending interlocutory appeal. While this language is certainly susceptible of an interpretation consistent with the rule as it was more clearly stated in the Willey case,[2] it is, at the very least, ambiguous and we surmise that this language is at least partially responsible for the present confusion surrounding the subject.
Despite the likelihood that the language of Thursby v. Stewart has injected some ambiguity and confusion into the law, the actual resolution of that case exemplifies the proper operation and application of the rule. The situation involved in Thursby typifies that which was intended to be covered by the rule limiting trial court jurisdiction during the pendency of an interlocutory appeal without supersedeas. There, the lower court's rescission of the injunction, interfered in form and effect with the appellate court's jurisdiction, because any decision by the appellate court would then have been rendered meaningless.[3]
The next significant decision involving this subject was Crichlow v. Equitable Life Assur. Soc., 113 Fla. 668, 152 So. 849 (1933). There, an interlocutory appeal without supersedeas was taken from an order overruling defendants' demurrer to the complaint. While the appeal was pending, the trial court entered a decree pro confesso against the demurring defendants and proceeded to enter a final decree in plaintiff's favor from which defendants took a second appeal. Deciding this latter appeal, the court stated, at 850:
"The point in the second appeal is that the first appeal transferred to the Supreme Court jurisdiction of the cause and therefore the circuit court had no power to proceed with the determination of the cause on the merits having lost jurisdiction of it by the first appeal. That contention is unsound, as has many times been decided by this court. See Hartman v. Pool, 103 Fla. 858, 139 So. 589; Willey v. Hoggson, 89 Fla. 446, 105 So. 126; Moody v. Volusia County, 90 Fla. 864, 107 So. 185; Lucerne Properties, Inc., v. Hobbs, 98 Fla. 162, 123 So. 571.
The jurisdiction of the Supreme Court is exclusive only as to the subject covered by the appeal. Willey v. Hoggson, supra.
Where there is no supersedeas taken in an appeal from an interlocutory order, the lower court may proceed further after the appeal, but such proceedings are subject to the orders or decrees of the appellate court in the cause on the appeal.
The limitation upon this rule extends only to the point of depriving the lower court of the power to finally dispose of the cause by dismissal or otherwise so as to in form or effect interfere with the power and authority of the appellate court under the Constitution to make its jurisdiction and orders effective in the *231 cause to which the organic appellate jurisdiction has attached by due course of appellate procedure. Moody v. Volusia County, supra."
Crichlow v. Maryland Casualty Co., 116 Fla. 226, 156 So. 440 (1933), involved a factual situation nearly identical to that in Crichlow v. Equitable Life Assur. Soc., supra. Defendants' demurrer to the complaint was overruled and defendants took an interlocutory appeal without supersedeas, declining to file an answer to the complaint. While the appeal was pending, the time for filing an answer expired and the trial court entered a decree pro confesso. The Supreme Court held that the trial court did have the power to continue in the cause and to enter the decree pro confesso and final decree while the appeal was pending, all subject, of course, to the outcome of the interlocutory appeal.
Thus it can be seen that the Willey case, supra, the Moody case, supra, and both Crichlow cases, supra, stood for two propositions: one, that the trial court had power to proceed in the cause while there was pending an interlocutory appeal taken without supersedeas; two, that the trial court could proceed even to final disposition of the cause, so long as such final disposition did not in form or effect interfere with the power and authority of the appellate court to make its jurisdiction effective.
This second aspect of the rule, i.e., the power of the trial court to proceed to final disposition of the cause while an interlocutory appeal without supersedeas remains pending, was apparently missapprehended in Mandrachia v. Ravenswood Marine, Inc., 118 So.2d 817 (Fla.App.2nd 1960), and apparently recently changed by the Supreme Court in De La Portilla v. De La Portilla, 304 So.2d 116 (Fla. 1974). In the latter case the court held, ostensibly on the authority of the Willey case, supra, and the Moody case, supra, that when an [interlocutory] appeal is taken, whether with or without supersedeas, the trial court is without power to finally dispose of the cause by dismissal or otherwise. This holding, which also viewed the trial court's final hearing on the merits as having been improperly held, represents a departure from the prior existing law on the subject, as illustrated by our discussion of the earlier cases. Nonetheless, whatever effect the De La Portilla case, supra, may have on the second aspect of the Willey rule, i.e., the power of the trial court to proceed to final hearing and disposition on the merits while an interlocutory appeal without supersedeas is pending, it is clear that such decision does not limit or restrict the first aspect of the Willey rule, i.e., the power of the trial court to otherwise proceed in the cause short of final hearing and disposition on the merits.
Part of the confusion on the entire subject of the trial court's power to proceed while an interlocutory appeal without supersedeas is pending was generated by the opinion in Mandrachia v. Ravenswood Marine, Inc., supra. In that case plaintiff took an interlocutory appeal from an order dismissing his complaint for failure to state a cause of action. With this appeal pending, the fifteen days which plaintiff had been given to amend expired without his filing an amended complaint and the lower court entered an order dismissing the complaint with prejudice. Plaintiff thereupon dismissed his interlocutory appeal and in its stead took a plenary appeal from both the interlocutory and final orders. The appellate court affirmed the interlocutory order dismissing the complaint for failure to state a cause of action, but reversed the final order dismissing the complaint with prejudice, noting that if it were to affirm this final order plaintiff would be precluded from filing an amended complaint. The court based its decision upon the following ground:
"It is the general rule that when an appeal is perfected that [sic] the subject matter of the appeal is withdrawn from the lower court which terminates the authority of the lower court so that it cannot *232 proceed in the cause at least as to the subject matter of the appeal until the appeal is heard and determined or unless authorized by the appellate court. See Thursby v. Stewart, 103 Fla. 990, 138 So. 742; and Willey v. W.J. Hoggson Corporation, 89 Fla. 446, 105 So. 126." (118 So.2d at 821).
In this attempted paraphrase of the rule announced in Willey v. W.J. Hoggson Corporation, supra (apparently taken nearly verbatim from Thursby v. Stewart) the Mandrachia court overlooked the critical element of the rule stated in the Willey case, namely, that the lower court is precluded from acting only if the form or effect of its action interferes with the jurisdiction of the appellate court. Thus the Mandrachia court, on facts analogous to those in Crichlow v. Equitable Life Assur. Soc., supra, reached a result contrary to the Crichlow court, either through misapprehension of the then applicable law, or by virtue of an extraordinary perspicacity of what the law would ultimately become fourteen years later by virtue of the De La Portilla decision.
As to the first aspect of the Willey rule, a recent case which has contributed to the confusion in this area of the law is our own Strauser v. Strauser, 303 So.2d 663 (Fla.App.4th 1974), upon which appellants rely. In that case, the husband was appealing an order holding him in contempt for failure to comply with a final default judgment of dissolution of marriage. This contempt order was entered after the husband had filed his interlocutory appeal from the lower court's order denying his motion to vacate the default judgment on the grounds that the court had never obtained jurisdiction over his person. This court stated, at 664:
"When an appeal is perfected the subject matter of the appeal is withdrawn from the lower court thereby terminating the authority of the lower court to proceed in the cause, at least as to the subject matter of the appeal until the appeal is heard and determined or unless authorized by the Appellate Court. Mandrachia v. Ravenswood Marine, Inc., 118 So.2d 817 (Fla.App. 1960); see also Thursby v. Stewart, 103 Fla. 990, 138 So. 742 (1931); and Willey v. W.J. Hoggson Corporation, 89 Fla. 446, 105 So. 126 (1925). By perfecting his interlocutory appeal contesting the issue of jurisdiction over his person the Appellant has effectively divested the trial court of the authority to proceed with contempt proceedings against him at least until the subject matter of the appeal has been heard and determined."
It is apparent that in the Strauser case, supra, this court misconstrued the derivation and purpose of the rule it sought to apply and for that reason reached an incorrect result. In effect, our decision there granted appellant-husband an automatic supersedeas, thereby rendering meaningless Rule 5.1 F.A.R., which makes supersedeas discretionary in interlocutory appeals.[4] We should keep in mind that the very purpose for making supersedeas discretionary is to avoid indefinite delay. Any concept that the taking of an interlocutory appeal without supersedeas would nonetheless deprive the trial court of power to proceed was long ago condemned by the Supreme Court in Crichlow v. Maryland Casualty Co., supra, in the following language, at 443:
"`To ... say that by appealing from an interlocutory ruling a party may deprive the trial court of jurisdiction to take any farther step in the case until in the slow course of appellate procedure it is remanded, only to begin another round through the appellate tribunal from the next adverse ruling, would be to deprive courts of the power to administer substantial justice and prolong litigation until Jarndyce v. Jarndyce would cease to *233 be any exaggeration of the law's delays. Of course, the party who proceeds with a case after his adversary has taken an interlocutory appeal assumes the risk of the effect which an adverse decision by the appellate court may have upon his rights; but that risk is often preferable to waiting until time and change have deprived the main issue of significance and value. There is little to choose between indefinite delay and absolute denial of right.'"
We have thus far only considered cases involving the issue of whether the lower court has the authority to proceed in a cause while an interlocutory appeal is pending. A related, but separate, issue is whether the lower court is justified in not proceeding, pending the outcome of the interlocutory appeal. Buck Plumbing, Inc. v. Bel-Aire, Inc., 103 So.2d 670 (Fla.App.3rd 1958), deals with this question and makes clear the principle, initially recognized in the Willey case, that the facts and circumstances of each case determine whether the lower court does, in fact, have the authority to continue in the cause and further, that, even if it does have the authority to proceed, a court may exercise its discretion to await the outcome of an interlocutory appeal before doing so. In Buck, the trial court had declined to grant appellant's motion to compel appellee's attendance at a deposition. Stating that the rule that a lower court does not lose jurisdiction while an interlocutory appeal is pending is not absolute but must be applied "according to the nature of the cause and the order or decree appealed from," the appellate court held that the trial court "was not unwarranted in concluding that a decision on appeal from the order denying temporary injunction could ultimately be determinative of the basic issue in the case." 103 So.2d at 672. See also, Zuckerman-Vernon Corp. v. Zelikoff, 323 So.2d 585 (Fla.App.3rd 1975), in which the appellate court held that it was "inappropriate" for the trial court to go forward with the complaint in the action when the court was on notice that its order severing a third-party complaint was in the process of being reversed on interlocutory appeal.
The teaching of the cases we have above discussed is that when an appeal is taken from an interlocutory order which is not stayed or superseded, the trial court has full authority or jurisdiction to "proceed" while the appeal is pending, even as to the "subject matter" of the appeal, and short of final hearing and disposition on the merits such authority or jurisdiction is limited in one, and only one, very specific sense: the trial court may not alter, amend, rescind or act in such a way with respect to its previous ruling or order as will frustrate the exercise of the appellate court's jurisdiction or render moot its labors.
Our analysis of the law on this subject is supported by the clear principles of law enunciated on the subject of lower court jurisdiction with supersedeas. In State ex rel. Martarano v. Robles, 109 Fla. 528, 532, 147 So. 910, 911-12 (1933), the Supreme Court stated:
"... since a supersedeas is ordinarily to stay or suspend the execution of a decree already rendered, and not to suspend other proceedings in the cause further adjudicating the rights of the parties, unless to do so would, in effect, be carrying out the order of court that is superseded, ... when an appeal is taken from an interlocutory order in an equity case, and an order is made by the circuit judge under section 4962, Comp. Gen.Laws, section 3170, Rev.Gen.St., providing in general terms that the appeal taken shall operate as a supersedeas in the cause, ... the appeal taken operates only as a supersedeas of the interlocutory order appealed from, and does not necessarily bar the right of the parties to otherwise proceed with the litigation in the court below in so far as such litigation may be lawfully proceeded with in due course, without having to *234 depend upon the superseded order appealed from in order to justify such further proceedings as being according to law and equity practice. Continental National Building & Loan Ass'n v. Scott, 41 Fla. 421, 26 So. 726. The real effect of an appeal with supersedeas is to suspend the power of the court below to make any order tending towards an extension or enforcement of the order appealed from. Carr v. Marion Mortgage Co., 99 Fla. 540, 128 So. 12. It does not interfere with the power of the court of original jurisdiction to make such further orders or decrees in the cause as do not tend toward an execution or enforcement of the order or decree appealed from, nor place the funds or property involved beyond the judgment or decree of the appellate court. McKinnon-Young Co. v. Stockton, 53 Fla. 734, 44 So. 237." (emphasis supplied)
This statement of the law was recognized and adhered to in Sexton v. Panning Lumber Company, 260 So.2d 898 (Fla.App.4th 1972), and Sunrise Beach, Inc. v. Phillips, 181 So.2d 169 (Fla.App.2nd 1965). Thus, even with supersedeas the trial court may continue in the cause. The only effect of supersedeas is to suspend the lower court's jurisdiction to make any order tending to extend or enforce the order appealed. Certainly, the restrictions upon a trial court's proceeding in a cause involving an unsuperseded interlocutory order may not be any greater than the restrictions upon its proceeding in a cause involving a superseded interlocutory order.
To summarize, the granting of a supersedeas in interlocutory appeals is not automatic; it is discretionary with the trial court. The granting of supersedeas, unless otherwise provided, suspends the jurisdiction of the lower court to make any order tending towards an extension or enforcement of the order appealed; the lower court may otherwise proceed in the cause. If supersedeas is not granted, the lower court may proceed in the cause, even as to the subject matter on appeal. In either case, the subsequent proceedings in the lower court may not interfere with the power of the appellate court to make its jurisdiction effective with respect to the interlocutory order on appeal.
Applying these rules to the case at bar, we hold that it was perfectly proper, absent a supersedeas, for the trial court to proceed with the enforcement by contempt of the interlocutory order under appeal. To proceed in this way did not frustrate or interfere with the jurisdiction of this court; appellee simply ran the risk of having the enforced compliance with the interlocutory order undone if we determined that such order had to be reversed. In a recent case analogous to that at bar, the Florida Supreme Court held that the trial court had the authority to enter, pending an interlocutory appeal, an order holding the parties in contempt for failing to obey the appealed order. Wilson v. Sandstrom, 317 So.2d 732 (Fla. 1975). The interlocutory order there under appeal was a mandatory injunction, but the Supreme Court noted that Rule 5.1 F.A.R., making the granting of supersedeas discretionary, applied, and that the taking of the interlocutory appeal did not operate as an automatic stay of the mandatory injunction and did not preclude the lower court's enforcing it. The Third District Court of Appeal reached the same conclusion in Ganem v. de Issa, 236 So.2d 153 (Fla.App.3rd 1970). An unsuperseded interlocutory order was there held to support an order of contempt while the former was being challenged on appeal. The Ganem court stated, at 154:
"It [the interlocutory order being appealed] was an order entered by a court having jurisdiction over the cause and the parties and was valid and enforceable until superseded, stayed, or reversed on appeal." (emphasis supplied)
Appellants' remaining points are also without merit and do not require discussion. *235 The contempt order herein appealed is
AFFIRMED.
DOWNEY, J., and LEE, J. CAIL, Associate Judge, concur.
NOTES
[1] This order was ultimately sustained in Waltham A. Condominium Association v. Village Management, 321 So.2d 625 (Fla. App.4th 1975).
[2] Such an interpretation requires that the language "at least as to the subject-matter of the appeal" be emphasized, that "subject-matter of the appeal" be construed to mean the precise order or ruling being appealed, and that the prohibition against the trial court's further proceeding in the cause be construed to mean a prohibition against further proceeding so as to alter, amend, rescind or act in such a way with respect to its previous ruling or order as would interfere with the appellate court's jurisdiction or render moot its labors. This is a somewhat strained construction.
[3] A similar case, which omitted discussion of the governing rule of law, is Florida Dry Cleaning and Laundry Board v. Everglades Laundry, Inc., 138 Fla. 646, 190 So. 33 (1939). That case held that it was error for the trial court to modify an order after the perfection of an interlocutory order therefrom.
[4] A similar observation was made by the court in Hirsch v. Hirsch, 309 So.2d 47, 50 (Fla. App.3rd 1975).