PER CURIAM.
This appeal involves a dispute between two insurance companies as to the existence and extent of their respective obligations under policies of liability insurance written for the Broward County School Board. The trial court originally ruled that appellant Admiral Insurance Company provided coverage to the School Board on an equal pro-rata basis with appellee, Insurance Company of North America (INA). Admiral appealed, but while that appeal was pending, the trial court entered orders dismissing claims by INA against Admiral after the original claimants executed settlement releases which included Admiral as a party released. INA appealed those orders. All the appeals have been consolidated.
Initially, we agree with INA’s contention that the trial court was without jurisdiction to dismiss the claims against Admiral after Admiral had taken an appeal from the trial court’s earlier ruling as to the coverage issue. See Fla.R.App.P. 9.600; Waltham A. Condominium Association v. Village Management, Inc., 330 So.2d 227 (Fla. 4th DCA 1976). However, we also believe the trial court erred in determining in its order of May 31, 1979 that Admiral’s policy did provide coverage for the incident in question. Under the unambiguous provisions of the Admiral policy coverage is excluded for injuries arising out of the use of automobiles utilized for the purpose of class instruction. It is undisputed herein that the incident in question arose out of such use of an automobile and accordingly, there is no coverage under the Admiral policy. Indiana Insurance Company v. Winston, 377 So.2d 718 (Fla. 4th DCA 1980).
Accordingly, this cause is hereby reversed and remanded for entry of judgment in accordance with the terms of this opinion.
LETTS, C. J., ANSTEAD, J., and RIVKIND, LEONARD, Associate Judge, concur.