279 So.2d 360 (1973)
Joseph REY, Jr., Appellant,
v.
Elaine M. REY, Appellee.
No. 72-776.
District Court of Appeal of Florida, Fourth District.
June 20, 1973.
Rehearing Denied July 11, 1973.
*361 Terrence N. Freeman and Don Beverly, West Palm Beach, for appellant.
Edna L. Caruso, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellee.
MAGER, Judge.
This is an appeal by the husband from a final judgment entered in a dissolution of marriage proceeding wherein the trial court awarded the wife $47,798.95. Upon petition of the appellee-wife the trial court found the marriage was irretrievably broken and concluded in effect that the amounts of money advanced by the wife to her husband during their ten-year marriage were "loans" rather than "gifts" and thus the wife was entitled to recover all such monies advanced less certain deductions.
From a review of the facts we are confronted with a situation where the wife was the "breadwinner," so to speak, and the sole provider; the husband appearing to occupy what might normally be classified as the subservient role. Had the situation been reversed and it was the husband who was seeking repayment of monies advanced it is doubtful that he would be entitled to a judgment against his wife for all of the funds that he may have "loaned her" during the lifetime of the marriage whether such "loans" were for his wife's business purposes or for other luxuries or needs.
The marital relationship, although classified as a "partnership" in terms of demonstrating the equality of the individuals involved, was never intended to be a "partnership" in the ordinary business sense where each party is required "to give an accounting" at the termination of the relationship. This court expressed it rather succinctly in Steinhauer v. Steinhauer, Fla.App. 1971, 252 So.2d 825, when we observed:
"... A financial contribution by the wife should be interpreted as being within the realm of `ordinary marital duties' or a prima facie presumption of a gift. Such presumption must be considered to be a reciprocal presumption  each partner should be presumed to have made a gift to the other based upon the marital relationship." (Emphasis supplied.)
Invariably there have been and there will continue to be situations where one of the marital partners will dominate the financial affairs; traditionally it has been the husband. But the fact that the financial *362 wherewithal and acumen is possessed by the wife does not of itself entitle her to some special "reward" or recognition for her contributions when the marital relationship disintegrates.
We do not overlook the fact that the wife, in the instant case, was exceedingly generous to her husband in providing him with the necessary funds for personal and business purposes. His role may have been, as the trial court characterized it, a "free ride" and the funds which the wife advanced during the marital relationship were funds which she borrowed from a lending institution and had to repay.
Yet, notwithstanding the foregoing, it is somehow degrading to the marital relationship and to the institution of marriage itself to see a dissolution degenerate into a battle between accountants where the spoils go to the better bookkeeper. There is a marked distinction between a circumstance where a special equity is being sought in a tangible asset because the contribution to the acquisition of that asset was above and beyond the ordinary marital duties and the circumstance where one marital partner is permitted to receive a judgment against another marital partner for "loans" made during the marital relationship. The latter situation is totally incompatible to the unity concept of marriage.
To affirm the money judgment would in our opinion constitute an approval of the disintegration of this concept. Accordingly, to the extent that the wife has been awarded a judgment against the husband for the "loans" she made during the lifetime of the marriage, the final judgment is reversed.
Reversed.
WALDEN, J., concurs.
CROSS, J., dissents without opinion.