294 So.2d 116 (1974)
Louis HANZELIK, Appellant,
v.
Reine HANZELIK, Appellee.
No. 73-949.
District Court of Appeal of Florida, Fourth District.
April 19, 1974.
Rehearing Denied May 28, 1974.
*117 Neale J. Poller of Katz & Salmon, Miami Beach, and Robert O. Collins, Hollywood, for appellant.
S. Robert Zimmerman, Pompano Beach, for appellee.
MAGER, Judge.
This is an appeal from a final judgment of dissolution of marriage.
As is often the case in other dissolutions of marriage the issue in this appeal concerns the trial court's determination of the property rights of the parties. Specifically, it is the contention of the husband that the trial court erred in requiring him to convey to the wife his right, title and interest in and to the marital home under certain terms and conditions. The terms of the conveyance are set forth in paragraph 3 of the final judgment as follows:
"3. That the husband shall convey to the wife all his right, title, and interest in and to the marital home subject to her paying to him one-half of the difference between the existing mortgage and $55,000 which should be approximately $16,000, said $16,000 payable as follows: One year without interest, with a minimum payment of $5,000, the balance to be paid in equal installments within two years with interest at seven per cent."
*118 The above quoted disposition is somewhat unique in that it grants to the wife the right and option to purchase the husband's interest in the home rather than ordering a direct conveyance without consideration. There is, however, testimony in the record to reflect that the market value is substantially more than the original cost so there can be little doubt that this disposition constitutes some form of monetary "award" to the wife.
Although the trial court has labored diligently in its efforts to arrive at a fair solution, we must reluctantly conclude that the aforementioned award cannot be supported either on the basis of special equity or lump sum alimony.
The final judgment reflects contentions both by the wife and the husband concerning the establishment of a special equity in the jointly held marital dwelling  the wife by way of advances of sums made to improve the home during the period of their marital relationship; the husband by way of having originally purchased the home and also having made contributions to the home.
The trial court rejected the claim of the husband, finding instead for the wife on the basis that she changed her (financial) position in the expectation that the marriage would succeed. In this particular regard the final judgment observed:
"The wife has monies of her own and has a business which can sustain her, but the record does establish that the wife did change her position based upon her hope that the marriage would succeed. It is for this reason the court rules that she should have the option to acquire the home referred to above."
It appears from a reading of the final judgment that the trial court was motivated by the desire that the wife be given "something" as a result of her "change of position"; this determination suggests that the wife is less than an equal partner with the husband in the marital relationship. This suggestion has long since been rejected by the courts and the legislature. Gates v. Foley, Fla. 1971, 247 So.2d 40; Steinhauer v. Steinhauer, Fla.App. 1971, 252 So.2d 825; Beard v. Beard, Fla.App. 1972, 262 So.2d 269; see F.S. Chapter 61, F.S.A., Dissolution of Marriage Law.
As a general proposition, in order for an award to be made, whether involving jointly held property or otherwise, such award must be predicated upon a finding of special equity or upon the concept of alimony. With respect to "special equity" this court has held that in order to establish a special equity, the spouse's contributions (to the particular property or the marriage itself) must be shown to have been "above and beyond the performance of ordinary marital duties", Steinhauer v. Steinhauer, supra. The burden of proof resting upon the party claiming a special equity is the necessity to establish the same "to the exclusion of a reasonable doubt", Singer v. Singer, Fla.App. 1972, 262 So.2d 731.
Although the lower court recites the contentions of the wife that she advanced considerable sums to improve the home, the court makes no specific finding of a special equity. We are not persuaded from the evidence in the record that the contributions made by the wife towards the improvement of the marital dwelling were beyond the realm of ordinary marital duties and any greater than the contribution made by the husband when he purchased the marital dwelling placing the same in their joint names. In the marital relationship, where property is jointly held or acquired or where contributions are made towards the acquisition of such property, "each partner should be presumed to have made a gift to the other based upon the marital relationship", Steinhauer v. Steinhauer, supra. Therefore, upon dissolution each party is entitled to one-half interest in property held by the entireties. See F.S. Section 689.15, F.S.A. We find no justification for departing from this concept *119 nor do we find any evidence that would raise the wife's contributions above the level of ordinary marital duties.
With respect to the suggestion that the award can be justified on the basis of (lump sum) alimony the final judgment makes a specific and clear finding that "the wife has re-established herself and is successful in her business and able to support herself" and "therefore there can be no claim for substantial alimony or support". The established criteria for awarding alimony are one spouse's reasonable needs and the other spouse's ability to pay. 10A Fla.Jur. Dissolution of Marriage, Sec. 43; Lefler v. Lefler, Fla.App. 1972, 264 So.2d 112; Roberts v. Roberts, Fla.App. 1973, 283 So.2d 396; Schalk v. Schalk, Fla.App. 1973, 285 So.2d 39. The trial judge's findings, when measured against this criteria, would preclude an award of alimony. Yet, there is language in the final judgment to the effect that the award "is a lump sum settlement in lieu of any and all rights and claims" which might suggest an award of lump sum alimony. If so construed, it would have no basis in fact and law under the circumstances of this case.
A reading of the final judgment in its totality seemingly advances the proposition that irrespective of the existence vel non of the necessary criteria to establish special equity or alimony an award can be predicated upon "a change of position based upon a reasonable expectation". The fact that the "wife did change her position based upon her hope that the marriage would succeed" cannot serve as a legal basis for or a predicate upon which the wife "should have the option to acquire the home". The marital "partnership" is not a business relationship with the usual commercial ramifications where parties receive a "return" on any financial expenditures made during the longevity of such "partnership". Cf. Rey v. Rey, Fla.App. 1973, 279 So.2d 360. Even a normal business venture offers no such iron-clad guarantees. The expectation of either party at the outset of the creation of the marital relationship and the (financial) change of position as a result of such expectation is not a viable premise upon which property rights of the parties should be adjudicated. The creation of the marital relationship in and of itself involves a change of position for both parties.
If dissolution becomes the inevitable result, despite the efforts of the parties and in spite of their respective changes in position, the contributions of the parties (or their change of position) made with the expectation of success cannot and should not be measured in a monetary form. Life itself is a kaleidoscope of changing positions with the expectation of success and happiness and no guarantee of monetary reward. So, too, marriage has its expectations and its share of uncertainties in longevity and success. Therefore, the adjudication of the rights of parties upon dissolution should not be measured or gauged by any type of "reward or reimbursement" concept. Rey v. Rey, supra.
As mentioned earlier, the recent modification in the legal and societal status of women and the recognition that in the marital relationship the woman stands as an equal to her husband in the eyes of the law, suggests that the dissolution scales must be equally balanced. The equality of the status of the marital partners is not furthered when an award is made on the basis of one party's "change of position" or "expectation" as to the likelihood of the success of the marriage, inasmuch as both parties are equally involved in this change or expectation. Absent the traditional bases for determining the rights of either party upon dissolution, i.e. alimony, special equity, mutual agreement, etc., an adjudication based upon a "change of position" or "expectation" is not justified. Moreover, to leave the final judgment intact would be a recognition of the "old-fashioned" concept of the inferiority of the woman. Cf. Roberts v. Roberts, supra. At this stage of the game, reversion to this concept might *120 be better accomplished through a legislative rather than a judicial remedy.
Accordingly, that portion of the final judgment making reference to the disposition of the jointly held marital dwelling is modified to the extent that each party shall be entitled to one-half interest in such property and the cause is remanded to the trial court for such other proceedings as may be consistent herewith.
CROSS, J., concurs.
WALDEN, J., dissents, without opinion.