295 So.2d 656 (1974)
Frances J. YOHEM, Appellant,
v.
Irvin L. YOHEM, Appellee.
No. 74-26.
District Court of Appeal of Florida, Fourth District.
June 7, 1974.
Sidney M. Dubbin, West Palm Beach, for appellant.
Carl M. Collier, Palm Beach, for appellee.
MAGER, Judge.
This is an interlocutory appeal by the wife from an order granting the husband temporary relief in a dissolution of marriage proceeding.
In response to the wife's petition for dissolution the husband filed an amended answer and a motion for modification and temporary relief. The husband contended, among other things, that prior to their separation the parties maintained a joint savings *657 account containing approximately $40,000 which money was alleged to be from the earnings of the husband and which funds the husband contended the wife had withdrawn placing them under her control. The husband, who owned and operated a used car business, asserted that his business had "fallen off badly creating a very poor cash position" and that he needed "ready cash" to enable him to continue to operate his business and be relieved of "unnecessary and unjust financial hardship". To this end the husband requested the court to order the wife to deliver $20,000 of the funds "pending the final hearing when a determination can be made as to the final disposition of these funds".
The trial court entered an order which provided in part as follows:
"1. The wife shall transfer $17,000 from her savings account to the husband for use in his business. The husband shall keep an accounting of this money and these funds shall not be depleted but shall be primarily used for the purchase and sale of automobiles."
In this appeal the wife contends that at the hearing held on the husband's motion, the court restricted the wife's cross-examination of the husband with respect to the ownership of the savings account; and, furthermore, that the court erred in entering its order directing the transfer of the $17,000. Upon a review of the record of the proceedings below and upon a careful consideration of the applicable statutes and case law, we find no reversible error.
With respect to the wife's contentions concerning the restrictive cross-examination of the husband, a reading of the transcript of testimony reflects an effort on the part of the wife to establish that the husband had previously stated to the wife that the savings account was "hers". The trial court sustained the husband's objection to this line of cross-examination. While normally a wide latitude is accorded in cross-examination, the testimony sought to be elicited was not relevant to the particular proceeding before the court at that time  i.e., a hearing on a motion for temporary relief requesting a transfer of the funds formerly held in a joint savings account and now in the custody of the wife. The question of ownership of these funds (and what the husband had told the wife regarding such funds) was and still is a matter to be resolved at the time of the final disposition of the cause.
It is interesting to note that the court has not determined the ownership of these funds in the proceedings below and, if anything, seemingly recognizes the present ownership of such funds in the wife, i.e., "the wife shall transfer ... from her savings account ... The husband shall keep an accounting of this money... ." The trial court therefore did not abuse its discretion in restricting cross-examination of the husband with respect to ownership of the savings account.
With respect to the wife's contentions regarding the trial court's error in ultimately ordering the transfer of some $17,000 "of her savings", we are of the opinion that this determination is consistent with the spirit and letter of the new dissolution of marriage law and the concept of the equality of the marital partnership. See Chapter 61, Florida Statutes, F.S.A.; see also Hanzelik v. Hanzelik, Fourth District Court of Appeal opinion filed April 19, 1974; Rey v. Rey, Fla.App. 1973, 279 So.2d 360; Steinhauer v. Steinhauer, Fla.App. 1971, 252 So.2d 825. The new dissolution of marriage law gives the husband and the wife an equal right to seek alimony and support as well as granting to both parties the same consideration in determining custody of children. See Sections 61.052(3), 61.071, 61.08 and 61.13(2), Florida Statutes, F.S.A.
We can discern no valid distinction between a wife seeking temporary relief upon a demonstration of need and ability and a husband seeking similar relief. In this instance the evidence before the trial court reflected that the wife was in a better *658 financial position than the husband; and that in order to maintain his used car business and be relieved of "unnecessary and unjust financial hardship" he was in immediate need of "at least $20,000", which request was made "pending the final hearing when a determination can be made as to the final disposition of these funds".
As is often the case where temporary relief is requested and granted to the wife, the funds received pending final disposition of the petition for dissolution are generally not the subject of accounting or repayment. In this instance it is to be noted that the court directed that the husband keep full accounting of the funds to be used primarily in the husband's business reflecting the likelihood that in the event the court finds for the wife such funds would either have to be returned or taken into consideration in the overall determination of the financial and property rights of the parties. We find no fault with a court order predicated upon the equality of the marital partners. Accordingly, the judgment of the trial court is affirmed.
WALDEN, J., and MOORE, JOHN H., II, Associate Judge, concur.