305 So.2d 798 (1975)
David A. TIFFANY, Appellant,
v.
Barbara A. TIFFANY, Appellee.
No. 74-296.
District Court of Appeal of Florida, Fourth District.
January 10, 1975.
Joseph R. Moss, of Ferrell & Moss, Cocoa, for appellant, David A. Tiffany.
Paul M. Goldman, of Goldman, Spielvogel, Goldman & Caruso, Merritt Island, for appellee, Barbara A. Tiffany.
*799 ALDERMAN, James E., Associate Judge.
Final Judgment of dissolution of marriage was entered by the trial court below. Appellant-husband appeals alleging that the trial judge erred in requiring him to pay a part of his wife's attorney's fee and court costs. He also contends that the trial court erred in awarding to his wife, as special equity, his interest in the marital home, joint bank accounts and a coin collection.

ATTORNEY'S FEE
Appellant was ordered to make a contribution in the sum of $750.00 towards appellee's attorney's fee and to pay court costs of $55.50.
Florida Statutes (1973), Section 61.16 provides as follows:
"The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for the attorney's fees, suit money, and the costs to the other party of maintaining or defending any proceeding under this act, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name."
The undisputed testimony before the trial judge was that a reasonable fee for the services of appellee's attorney would be $1100.00. At the time of trial, appellee was earning between $50.00 and $60.00 a week, while the appellant was earning from $160.00 to $170.00 per week. Although appellee was not indigent and had other assets from which she might have paid her attorney's fee and court costs, after considering the financial resources of both parties, we believe that the trial judge did not abuse his discretion in requiring appellant to contribute $750.00 towards appellee's attorney's fee, and pay court costs of $55.50.

THE COIN COLLECTION
The trial judge awarded ownership of a coin collection to appellee. Her testimony was that she started the collection prior was enlarged, but she contends that the collection remained her separate property. We find the evidence sufficient to support the trial judge's conclusion that the coin collection was owned by appellee.

JOINT BANK ACCOUNTS
Appellee was awarded a special equity in appellant's interest in all bank accounts in the joint ownership of the parties. However the record indicates that at the time of trial there were no joint accounts. When the parties returned to Brevard County in 1973, a joint account was opened in the First National Bank of Merritt Island. Part of the proceeds from the sale of a jointly owned home in Broward County was deposited in this account. Appellee testified that prior to their separation, appellant on various occasions withdrew from the account approximately $5,950.00. At the time of separation, appellee withdrew the remaining balance of approximately $5,400.00. The trial judge's award of a special equity to appellee in appellant's interest in all bank accounts in the joint ownership of the parties makes no reference to amounts. Since there was no joint account in existence between the parties at the time the Final Judgment was entered, it appears that the purpose and effect of this award was to confirm and approve the self-help withdrawal of the remaining balance made by appellee at the time of separation. After reviewing the testimony of the parties concerning the joint account, we conclude that no error was committed.

THE MARITAL HOME
Appellee was awarded a special equity in appellant's interest in the marital residence and appellant was ordered to execute and *800 deliver an instrument sufficient to convey to appellee all of his interest in the former marital home.
Prior to their marriage in 1968, the parties by mutual agreement made arrangements to build a house in Broward County. The funds used for the initial construction and down payment came from life insurance benefits received by appellee as a result of the death of her first husband. This house was first deeded to appellee in her sole name, but after her marriage to appellant, title was placed in their joint names as tenants by the entireties. In June, 1973, the house in Broward County was sold with a considerable increase in value from the date of purchase. Part of the money from this sale was used to purchase the marital home in Brevard County, title to which was also taken in the joint names of the parties as tenants by the entireties.
Appellant, conceding that appellee provided the funds for the initial construction of the first home in Broward County, contends that the money contributed by appellee for purchase of this property is presumed to be a gift, and if not rebutted by evidence to the contrary, requires upon divorce that the jointly held property be equally divided between the parties as tenants in common. Davis v. Davis, Fla.App., 1973, 282 So.2d 655; F.S.A. § 689.15. Appellee on the other hand alleged that she did not intend to make a gift to appellant.
The burden of proof is upon the wife in this case to overcome the presumption of a gift. Hanzelik v. Hanzelik, Fla. App. 1974, 294 So.2d 116. This she has failed to do. Appellee testified concerning the first home in Broward County as follows:
"Q. (By Mr. Moss) When the deed was first prepared at the completion of the house, whose name was the house titled in?
A. Well, at first it was in my name, Barbara A. Gibson; then, after we were married I had another attorney draw another one in both our names.
Q. So you had it changed from your prior name to the name of both you and Mr. Tiffany's name as tenants by the entirety and as husband and wife?
A. Yes."
(Trial Transcript Page 54)
"Q. (By Mr. Goldman) At whose instance or suggestion, or insistance was a conveyance made of that home into your joint names?
A. I don't know if there was an insistence by anyone, it was just a mutual agreement."

(Trial Transcript Page 84)
As previously held by this court in Steinhauer v. Steinhauer, Fla.App. 1971, 252 So.2d 825, in determining whether a special equity exists in favor of one spouse in property formerly held by them as tenants by the entireties, each party is entitled to the presumption that their contributions are gifts to each other. Financial contributions by either spouse should be interpreted as being within the realm of ordinary marital duties and the contribution is prima facie presumed to be a gift. Appellee having failed to overcome this presumption we must hold that the trial court erred in awarding appellant's interest in the marital home to appellee.
Accordingly, the Judgment of the trial court is affirmed in part and reversed in part, and the cause remanded for further proceedings not inconsistent with this opinion. Nothing contained herein shall preclude the trial court from reviewing and revising the award heretofore made to the wife for child support inasmuch as such award may have been gauged or influenced by the award of the entire marital dwelling to the wife. The trial court may also consider whether appellee, in order to provide shelter for the minor child of the parties, should have exclusive possession of the *801 marital home until such time as said child is no longer dependent. In such event the trial judge may determine, as between the parties, who should pay the mortgage payments, taxes, insurance, repairs and other costs of maintaining the residence as a home of the minor child.
MAGER and DOWNEY, JJ., concur.