321 So.2d 462 (1975)
Thomas Donald OLSON, Appellant,
v.
Mary Jane OLSON, Appellee.
No. 74-1714.
District Court of Appeal of Florida, Third District.
October 14, 1975.
Rehearing Denied November 19, 1975.
*463 Harry A. Gaines, Miami, for appellant.
Blitstein & Molans, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant, ex-husband, seeks review of that provision of a dissolution of marriage judgment awarding his ex-wife the marital residence.
After being married for approximately four years, Mary Jane Olson petitioned for dissolution of her marriage to Thomas Donald Olson and asserted a special equity in their jointly owned marital residence by virtue of the fact she made capital contributions to the maintenance thereof. The chancellor entered final judgment dissolving the marriage and, based upon his finding that Mary Olson has a special equity in the marital domicile, ordered Thomas Olson to convey all interest he may have therein to Mary. Thomas Olson appeals therefrom.
The well established rule is that a jointly held domicile should be divided equally between each partner with each spouse's financial contributions to the acquisition thereof to be considered as gifts to each other. To establish a special equity, the wife's contributions must be shown to have been "above and beyond the performance of ordinary marital duties." Steinhauer v. Steinhauer, Fla.App. 1971, 252 So.2d 825, 831; Tiffany v. Tiffany, Fla.App. 1975, 305 So.2d 798, 800. The record in the case sub judice reflects that Mary Olson loaned her husband $4,500 for pilot training because of both parties desire that Thomas become an airline pilot, and made several mortgage payments due on the marital residence.
We interpret these financial contributions of Mary Olson to be within the realm of ordinary marital duties and, therefore, conclude that she has failed to overcome the presumption that said contributions were gifts. For "there is a marked distinction between a circumstance where a special equity is being sought in a tangible asset because the contribution to the acquisition of that asset was above and beyond the ordinary marital duties and the circumstances where one partner is permitted to receive a judgment against another marital partner for `loans' made during the marital relationship. The latter situation is totally incompatible to the unity concept of marriage." Rey v. Rey, Fla.App. 1973, 279 So.2d 360, 362.
Accordingly, that provision of the final judgment awarding the marital residence to the ex-wife is reversed and the cause remanded for further proceedings not inconsistent herewith. In all other respects the judgment is affirmed.
It is so ordered.