PAUL, MAURICE M., Associate Judge.
This is an appeal from a final judgment of dissolution of marriage awarding the wife a money judgment against the husband in the amount of $107,413.50 based upon." ... , a special equity in.money loaned by her to Respondent . . . ” and decree ordering respondent/husband “ . . . to indemnify Petitioner for any sums paid by Petitioner pursuant to any judgments which may be entered against her' . . . ” in a certain described civil action then pending in Martin County.
The record reveals that the parties were married to each other on December 31, 1970; the wife alleged a,special equity in certain described properties or businesses of the husband by virtue of money “lent” to him, or bills paid, including an I.R.S. tax lien, from the proceeds of a mortgage on her home or proceeds realized on the sale of her home. It further appears that money was borrowed at various times from commercial banking institutions by signing of joint notes; the wife also .placed certain stocks into, joint ownership with the husband which in turn were pledged as collateral for one or more of the aforementioned loans and which were sold , by the bank to partially liquidate the joint indebtedness.
The husband was adjudicated bankrupt in November of 1975 and all of his businesses have. been lost; husband is now unemployed, receiving unemployment compensation, and owns no property.
The lower court was correct when it summed up the situation saying:
“Obviously, the big'problem jiere is the financial situation and it’s unfortunate that these people lost money and its unfortunate that she had money that she turned over to her husband and he apparently lost it but, the problem is what recourse does she have in this dissolution of marriage suit. She certainly cannot claim alimony when he has no assets, is on unemployment. She has income and assets so it just cannot be alimony and you cannot give it to her under the guides of lump sum alimony because it shows no need for her to have support or his need to pay.”
However, the court was incorrect when it continued, by saying: “Now, certainly she is entitled to have a judgment against him for her special equity and money loaned to him . . . plus, she should be indemnified by him for anything she has to pay in the pending Stuart National Bank .suit which was discussed.”
The record demonstrates that this cause is controlled by the views expressed by this court in Rey v. Rey, 279 So.2d 360 (Fla. 4th DCA 1973) and Steinhauer v. Steinhauer, 252 So.2d 825 (Fla. 4th DCA 1971), and which will not be repeated here since it would have no value except to lengthen this opinion.
*906 The final judgment is AFFIRMED as to the dissolution of marriage and award of the automobile to the wife but is REVERSED as to the award of a money judgment against the husband and requiring the husband to indemnify the wife which may be entered against her in Civil Action 75-359, Circuit Court, Martin County, Florida.
AFFIRMED in part; REVERSED in part.
CROSS, J., and CARLTON, CHARLES T., Associate Judge, concur.