348 So.2d 654 (1977)
Henry A. KELLER, Jr., Appellant,
v.
Christal C. KELLER, Appellee.
No. 76-1509.
District Court of Appeal of Florida, Third District.
August 2, 1977.
Levine, Reckson & Reed and Robert Geiger, Miami, for appellant.
Koeppel, Stark & Newmark, Miami, for appellee.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
This is an appeal by the husband, Henry A. Keller, Jr., from certain provisions of a final judgment of dissolution of marriage. The prior history of this matrimonial dispute is reported in Keller v. Keller, 287 So.2d 351 (Fla. 3d DCA 1973); and in Keller v. Keller, 308 So.2d 106 (Fla. 1975), wherein the cause was remanded to the circuit court to reconsider the entire case de novo including the taking of further evidence as necessary for a proper resolution.
*655 On remand and reconsideration by the trial court, a final judgment of dissolution of marriage was entered in which the court found both parents fit to have custody of the minor child, but ordered that custody remain with the father, with liberal visitation rights to the mother. The wife, Christal C. Keller, now age 31, was awarded "lump sum alimony of $121,000.00, payable in the following installments: $25,000 forthwith, and $1,600 per month ... for a total period of sixty (60) months." She was also awarded a new car and attorneys fees in the amount of $50,000. Costs were charged against the husband, including the fee for a court appointed certified public accountant.
The husband raises as points on appeal that the court erred in awarding lump sum alimony to the wife; in requiring the husband to pay $50,000 in attorneys fees; and in requiring him to pay the costs of the certified public accountant. The wife has filed cross-assignments of error and claims that the court erred in awarding custody of the child to the father, in failing to grant permanent alimony based on the husband's substantial assets and income; and in awarding an insufficient amount of attorneys fees.
We first address the wife's contention that the court erred in awarding custody of the child to the father. Although evidence was presented that both parents are fit to have custody, the record reflects ample competent, substantial evidence to support the court's finding that, "... the minor child (based upon the custody order entered in the first trial of this cause) has lived with his father, the defendant herein, most of his life, and the Court believes it is not in the best interest of said child to change custody now." Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975).
We next address that portion of the final judgment relating to alimony. The court made the following findings upon which it based the award of alimony:
"The Court heard extensive testimony concerning the defendant's assets and income including the financial report prepared by the Court-appointed Certified Public Accountant. The Court concludes that the defendant, HENRY A. KELLER, JR., is well able to pay CHRISTAL KELLER lump sum alimony.
The Court further heard extensive testimony concerning CRISTAL (sic) KELLER'S financial needs, her employability, her assets and income, and the Court finds that the Plaintiff is not adequately prepared to compete in the job market to any appreciable extent at this time."
The husband's contentions are that the court erred in failing to designate the award of lump sum alimony as rehabilitative or permanent, and further, that if the award constitutes permanent alimony, it is error as a matter of law since it is not supported by the evidence. If the award is rehabilitative, it is excessive and based solely on the husband's "deep pockets," and therefore, an abuse of discretion. The wife argues that the lump sum award was rehabilitative and that she should have been granted permanent alimony.
Section 61.08, Florida Statutes (1975), the alimony provision of the Florida dissolution of marriage law, states:
"(1) In a proceeding for dissolution of marriage, the court may grant alimony to either party, which alimony may be rehabilitative or permanent in nature. In any award of alimony, the court may order periodic payments or payments in lump sum or both. The court may consider the adultery of a spouse and the circumstances thereof in determining whether alimony shall be awarded to such spouse and the amount of alimony, if any to be awarded to such spouse.
(2) In determining a proper award of alimony, the court may consider any factor necessary to do equity and justice between the parties." (emphasis supplied)
The record reflects evidence of marital misconduct by the wife, which the judge had the opportunity to, and presumably did, take into consideration in making the award. In addition, there is ample evidence *656 to support the wife's contention that the parties shared an extravagant lifestyle during the seven year marriage, for example, two domestic servants in the marital home, numerous vacations, a generous clothing allowance, unlimited use of credit cards and a substantial checking account, in addition to furs, jewelry and expensive cars.
The trial court should have specified whether the award of lump sum alimony is permanent or rehabilitative, but this alone does not constitute reversible error. Compare Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976). Apparently, from the court's findings as to the wife's current unemployability and the husband's ability to pay, the award of lump sum alimony was meant by the court to be rehabilitative alimony. We, therefore, construe and hold that the award is not permanent alimony, but is rehabilitative alimony payable in a lump sum of $25,000 forthwith, and periodic payments of $1,600 per month for 60 months. This award of rehabilitative alimony, payable partially in lump sum and partially in periodic payments, is explicitly authorized by Section 61.08, Florida Statutes, supra. There is substantial, competent evidence in the record to support the amount of the award of rehabilitative alimony. But, we are of the opinion that it would be an abuse of discretion to award $121,000 lump sum rehabilitative or permanent alimony where, regardless of the remarriage of the wife, her death or the husband's death, the total amount is vested in the wife or her estate, and the husband or his estate is obligated to continue the payments until the full amount is satisfied. Yandell v. Yandell, 39 So.2d 554 (Fla. 1949). The record does not support an award of permanent alimony in the sum of $121,000 to the wife. See Royal v. Royal, 263 So.2d 277 (Fla. 3d DCA 1972).
Therefore, the judgment is modified to the extent that the wife shall receive $25,000 as lump sum rehabilitative alimony forthwith, and $1,600 per month for five years as periodic rehabilitative alimony.
Ample evidence appears in the record to support the award of attorneys fees and costs. No abuse of discretion has been demonstrated in this regard. See Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Herzog v. Herzog, 346 So.2d 56 (Fla. 1977).
The final judgment of dissolution of marriage is affirmed as modified.