364 So.2d 834 (1978)
Martin I. VEINER, Appellant,
v.
Joyce S. VEINER, Appellee.
Nos. 77-930, 77-972 and 77-1437.
District Court of Appeal of Florida, Third District.
November 28, 1978.
Rehearing Denied December 18, 1978.
A. John Goshgarian, Richard A. Kanner, Miami, for appellant.
Buchbinder & Elegant and Harris J. Buchbinder, Miami, for appellee.
*835 Before PEARSON and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PEARSON, Judge.
These appeals all arise out of a final judgment of dissolution of marriage. The former husband, Martin I. Veiner, urges error in the final judgment in that the judgment awarded the wife, Joyce S. Veiner, a special equity without specifying the property of the husband to which the equity attached. The former wife has appealed the judgment claiming error upon the court's failure to award to her one-half of certain securities which were jointly held by the husband and wife prior to the dissolution. In addition, the wife urges that the award of $100 per week for support of the three children was an abuse of discretion. The husband has brought two interlocutory appeals, the first from the order allowing attorney's fees and the second from a judgment awarded to the wife's attorneys for the amount of the attorneys' fees.
This case was bitterly contested between the parties with regard to all property matters. It is clear that the trial judge was trying to do equity between the parties. Nevertheless, we must hold, under the established law, that the allowance of a special equity in the assets of the husband without specifying the res and without support in the record showing a contribution to the res is error. See Elliott v. Elliott, 343 So.2d 904 (Fla. 4th DCA 1977); Rey v. Rey, 279 So.2d 360 (Fla. 4th DCA 1973); Steinhauer v. Steinhauer, 252 So.2d 825 (Fla. 4th DCA 1971).
The wife's cross-appeals on the failure of the court to award her one-half ownership in certain jointly-held securities and her complaint that it was an abuse of discretion to award support of $100 per week for child support are not supported by the record. The judgments made by the trial court in the determination of disputed issues of fact will not be reversed by an appellate court where there is substantial support in the record for the finding of the trial court. See Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); and Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
The husband's interlocutory appeals from the judgment awarding a $12,000 attorneys' fee to the wife's attorneys point out that the judgment was entered after the husband had lodged his appeal in this court from the order allowing the fee. As held by the Supreme Court of Florida in De La Portilla v. De La Portilla, 304 So.2d 116 (Fla. 1974):
"It has long been held that where an appeal is duly taken, whether with or without supersedeas, jurisdiction of the cause is transferred to the appellate court, thereby depriving the trial court of the power to finally dispose of the cause by dismissal or otherwise. Willey v. W.J. Hoggson Corporation, supra [89 Fla. 446, 105 So. 126]; Moody v. Volusia County, supra [90 Fla. 864, 107 So. 185]."
Therefore, it was error for the trial court to enter the final judgment and proceed to enforce that judgment while an appeal challenging the amount of attorney's fee was before this court. Accordingly, the judgment is reversed.
The husband's interlocutory appeal challenging the amount of the attorneys' fee does not present error on this record.
Affirmed in part, reversed in part and remanded.