On Rehearing
PER CURIAM.
This is a consolidated appeal from three post-decretal orders entered against the appellant-former husband. The orders, entered pursuant to the appellee’s 1977 petition for modification of the 1975 final judgment of dissolution of marriage, stated that: (1) the former wife was permitted to permanently move the parties’ three minor children from Dade County to Broward County; (2) she be awarded Thirteen Thousand Three Hundred Sixty Dollars ($13,-360.00) as damages for delays due to appellant’s having obtained continuances of trial; and (3) she be awarded attorneys’ fees of Fifteen Thousand Dollars ($15,000.00).
As to the areas of concern dealing with the removal of the children from Dade County to Broward County and the attorneys’ fees award, we affirm the trial court’s orders. However, we must agree with the appellant’s contention that the trial court erred in awarding the wife damages for the delays in beginning the trial in the matter. Not only is the accuracy of the monetary figures in sharp dispute between the parties and there is evidence that the husband is being penalized for certain delays which cannot be attributed to him, but at the time the court entered the order on damages the former husband had already filed his notice of appeal of two previous orders (one of which was the basis of the later order on damages). Thus, we have determined that the trial court was actually without jurisdiction to enter the order assessing said damages at the time it did. De La Portilla v. De La Portilla, 304 So.2d 116 (Fla.1974) and Veiner v. Veiner, 364 So.2d 834 (Fla. 3d DCA 1978). The December 28, 1978 order must therefore be reversed.
The orders of the court on the matters pertaining to the removal of the children to Broward County and the award of attorneys’ fees are supported by substantial, competent evidence, and we have no cause to disturb the judgments made by the trial court. Herzog v. Herzog, 346 So.2d 56. (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Veiner v. Veiner, supra; Keller v. Keller, 348 So.2d 654 (Fla. 3d DCA 1977).
Affirmed in part and reversed in part.
HENDRY, J., dissents.