541 So.2d 1341 (1989)
Herbert H. PEYTON, Jr., and Virginia S. Peyton, Appellants,
v.
Philip A. BROWNING, Jr., Appellee.
No. 89-83.
District Court of Appeal of Florida, First District.
April 20, 1989.
*1342 Robert T. Hyde, Jr. and Alexandra K. Hedrick, of Rogers, Towers, Bailey, Jones & Gay, Walter G. Arnold, of Arnold & Stratford, Jacksonville, for appellant Herbert H. Peyton, Jr.
Ralph W. Grimsley, Jr., of Rogers, Rogers & Grimsley, Jacksonville, for appellant Virginia S. Peyton.
Wm. J. Sheppard, Elizabeth L. White and Cyra O'Daniel, of Sheppard and White, P.A., Jacksonville, for appellee Philip A. Browning, Jr.
JOANOS, Judge.
Appellants Herbert H. Peyton, Jr. and Virginia S. Peyton appeal an order of the circuit court unsealing the record in the Peyton dissolution of marriage proceeding. The issue for our review is whether financial affidavits sealed in a 1986 dissolution action pursuant to Florida Rule of Civil Procedure 1.611(a) should be unsealed on a motion filed by a non-party in 1988. We reverse.
A brief chronology of the events leading up to this appeal is in order. In 1984, appellee Philip A. Browning, Jr. filed an action against appellant Herbert Peyton with regard to an alleged joint venture agreement. The Browning-Herbert Peyton litigation was still ongoing in 1986, when the Peytons were divorced. On May 19, 1986, pursuant to Florida Rule of Civil Procedure 1.611(a), a circuit court order directed the sealing of the financial affidavits and other financial information filed by the Peytons in connection with their dissolution of marriage.[1] On August 25, 1988, the Florida Supreme Court released its decision in the case of Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113 (Fla. 1988). On October 21, 1988, acting on the authority of the recently decided Barron opinion, appellee Browning filed a motion to unseal the record of the Peyton dissolution proceeding.[2] Appellant Herbert Peyton responded with a motion to dismiss or to strike, and for a more definite statement. On December 28, 1988, after a hearing and the filing of legal memoranda, the circuit court entered its order denying Herbert Peyton's motion. Citing the Barron *1343 opinion as controlling, the circuit court found that the former husband and the former wife failed to allege or to show any facts that would overcome the strong presumption of openness for all court proceedings. Appellants then moved to stay the order unsealing the dissolution record. The circuit court granted the stay for a period of twenty days, to permit appellants to seek a stay in this court. On January 23, 1989, this court extended the stay to remain in effect until final disposition of the appeal.
We note at the outset that the order sealing the record in this case was directed to the sealing of financial information only. Although the order was phrased somewhat ambiguously, no request was made to seal any portion of the record other than the financial information, and no suggestion has been made by any of the parties before this court that any other portion of the record was in fact sealed. Indeed, the express authority to seal provided by Florida Rule of Civil Procedure 1.611(a) is limited to the financial affidavits mandated by the rule and any other financial information filed in the dissolution proceeding. The correctness of the closure order entered in this case in May 1986 has not been challenged, either at the time of sealing or in appellee Browning's subsequently filed motion to unseal the record. Instead, the motion to unseal quite candidly asserts an interest in just the financial statements filed by the parties.
Florida Rule of Civil Procedure 1.611(a), which was the basis for the closure order in this case, states:
(a) Financial Statement. Every application for temporary alimony, child support, attorneys' fees or suit money shall be accompanied by an affidavit specifying the party's financial circumstances. The affidavit shall be served at the same time that notice of hearing on the application is served. The opposing party shall make an affidavit about his financial circumstances and shall serve it before or at the hearing. If no application for a temporary award is made, the parties shall make and serve the affidavits at least 10 days before the trial if permanent alimony, child support, attorneys' fees or suit money is sought. If a party is not represented by an attorney, sufficient time will be allowed the party to prepare the required affidavit at hearing or trial. The affidavits shall be in substantially the form approved by the Supreme Court. On the request of either party the affidavits and any other financial information may be sealed.
The financial affidavits mandated by the rule when there has been a request for monetary relief, provide a concise summary of a party's finances for the trial court's use in determining alimony, child support, and attorney's fees. See Keller v. Keller, 348 So.2d 654 (Fla. 3d DCA 1977); 3 Abrams, Florida Family Law §§ 57.01, 57.04, and 57.08 (Supp. 1987). Consistent with the privacy interest inherent in individual financial affairs, rule 1.611(a) makes provision for sealing the financial information which the parties are required to file. In this manner, the rule recognizes the obligation of the judiciary to be sensitive to and protective of disclosure of a party's financial affairs, even in those instances where financial matters may be relevant to some degree. See, generally, Pearce v. Doral Mobile Home Villas, Inc., 521 So.2d 282, 285 (Fla.2d DCA 1988), citing Tennant v. Charlton, 377 So.2d 1169, 1170 (Fla. 1979).
We consider that the rule's provision for sealing financial affidavits and other financial information reflects established public policy contemplated by the Florida Supreme Court in the Barron opinion as an exception to the presumption of openness of all judicial proceedings. 531 So.2d at 118. While such a reflection of prevailing public policy may be incidental to the Supreme Court's power to adopt rules of practice and procedure for Florida courts, it is nonetheless a function of the court's constitutional *1344 authority.[3]See Markert v. Johnston, 367 So.2d 1003, 1005 fn. 8 (Fla. 1978); Art. 5, § 2(a), Fla. Const. Thus, just as rule 1.611(a) was duly promulgated by the Supreme Court to insure the provision of accurate financial information for an appropriate determination of alimony and child support in dissolution proceedings, so was it designed to advance public policy to protect personal financial matters from unnecessary public disclosure.
Significantly, the closure order in Barron was not predicated on rule 1.611(a), nor do we find anything in the opinion which could be read as the intent to amend or to abrogate the rule. By the same token, the amendments to the rules of civil procedure, effective January 1, 1989, made no change in rule 1.611(a). See In Re: Amendments to Florida Rules of Civil Procedure, 536 So.2d 974 (Fla. 1988).
In summary, unlike the request to seal in Barron, the request to seal the record which was filed in the instant case applied only to the financial affidavits and financial information required by rule 1.611(a). And unlike Barron, the order sealing the financial information in this case was entered pursuant to the safeguards expressly provided by rule 1.611(a).
Accordingly, we find nothing in the Barron opinion which could be construed as an intention to amend or to abrogate the protection of personal financial information afforded by rule 1.611(a), and therefore reverse the order unsealing the financial affidavits and other financial information in the court file of the Peyton dissolution proceeding.
THOMPSON and ZEHMER, JJ., concur.
NOTES
[1] Our examination of the pleadings, legal memoranda, and circuit court orders filed in connection with the instant appeal leads us to conclude that the request to seal and the order issued thereto pertained only to the Peytons' financial affidavits and other financial information. The circuit court order sealing the record states in pertinent part:

On request of the husband and wife to seal the record herein upon the grounds that there are matters contained herein that are of a sensitive nature to both parties and for good cause shown, pursuant to the authority set forth in Fla.R.Civ.P. 1.611(a), it is hereby ordered:
That all financial affidavits and matters filed herein by the husband and wife shall be sealed and shall not be unsealed except by specific order of this court.
[2] The motion to unseal the Peyton dissolution record alleged that Mr. Browning, appellee herein, was a party in ongoing litigation with Herbert H. Peyton, Jr., appellant in this case. The motion further alleged that:

2. The record of the dissolution proceedings, including all financial affidavits, was sealed by Order of this Court on May 19, 1986.
3. Pursuant to the continuing litigation with Herbert H. Peyton, Jr., the sealed financial records are crucial to movant's case.
4. The desired financial statements are public records, and the record must be unsealed. Barron v. Florida Freedom Newspaper [Newspapers], Inc., 531 So.2d 113, 13 F.L.W. 497 (Fla., Aug. 25, 1988). Financial records filed pursuant to a dissolution of marriage are public records, and are not subject to sealing. Id. [531 So.2d 113, 13 F.L.W.] at 498.
With regard to the reference to "desired financial statements" in paragraph four of the motion, although the court in Barron rejected the suggestion that dissolution proceedings should receive special consideration, we have been unable to discover language in the opinion, either express or implied, that could be construed as holding that financial records filed in a dissolution of marriage proceeding are not subject to sealing.
[3] In finding that rule 1.611(a) contains within it a reflection of public policy to afford privacy to individual financial affairs, we reject appellee's contention that only the legislature can create a right which by inference is a reflection of prevailing public policy.