PER CURIAM.
A former wife appeals an interlocutory order, entered postjudgment, granting the husband’s motion to strike the wife’s amended response to his petition for dissolution of marriage. That order sealed the underlying dissolution proceeding and marital property settlement agreement, and struck certain personal letters written by the husband, attached as exhibits to the wife’s amended response. For the reasons which follow, we affirm in part, reverse in part, and remand to the trial court with directions consistent with this opinion.
The parties, Frosene and Egmont Son-derling, had been married for twelve years at the time the husband filed the petition for dissolution of marriage. Both had been previously married and each had adult married children through their former spouses. During the course of their marriage, the parties entered into a series of postnuptial agreements, which provided for the wife in the event of the husband’s death. Although the husband was an extremely wealthy man, the wife was independently wealthy, and a successful business person in her own right.
Prior to the time the wife’s answer to the petition was due, the parties executed a marital property settlement agreement. In addition to the parties’ own signatures, the agreement was consented to and affirmed by the parties’ adult children and spouses. Shortly thereafter, the wife filed her first response to the husband’s petition, in which she denied “as totally false and scandalous most of the ... allegations of Husband’s petition.” Thereafter, the wife filed an amended response and third party complaint against the adult children and their spouses, to declare the validity and binding effect of the marital property settlement agreement upon them. Attached to the amended answer as an exhibit, was a handwritten personal letter by the husband to his son, dated more than ten years earlier, together with a more readable typed copy. The letter had never been sent, nor did the son ever have occasion to see or read the letter. The husband moved to strike portions of the wife’s amended response as “immaterial, impertinent and scandalous,” because the response was “incendiary, intentionally embarrassing, and further serve[d] no legitimate legal purpose.”
Following a hearing on the petition, the court entered a final judgment of dissolution of marriage, confirming the marital property settlement agreement, and directing all parties to comply with its terms and conditions. The agreement was ordered to be maintained in a sealed envelope which could not be opened without a prior court order. In an amendment to the final judgment, the court reserved jurisdiction for the purpose of ruling on the husband’s motion to strike the wife’s amended response. Subsequently, the husband filed a memorandum of law in support of his motion to strike the wife’s amended response, to which the wife responded with a memorandum opposing the sealing of the file.
Ultimately, the court entered the order under review. Both the handwritten and typed version of the husband’s letter to his son were ordered stricken, the settlement agreement was ordered sealed, and the entire file was ordered sealed, and could be opened only pursuant to a prior court order. Also, the court ordered that if the entire file could not be sealed, then the wife’s amended response, counter petition, and third-party claim and exhibits would be stricken.
At the outset, we recognize that a strong presumption of openness exists for all court proceedings, civil or criminal, and that the burden is on the party seeking closure to demonstrate the correctness of any closure order. Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113, 118 (Fla.1988). We also recognize that parties to a dissolution proceeding are not entitled to a private court proceeding, nor will they be given special consideration. Id. at 119. Clearly, the husband’s petition and the wife’s first response are properly within the public domain because we find *1287 none of the infirmities recognized by Barron, entitling them to be sealed or stricken. See id. at 118 (closure of court proceedings shall occur only when necessary to comply with established public policy set forth in the constitution, statutes, rules, or case law; to protect trade secrets; to protect a compelling governmental interest; to obtain evidence to properly determine legal issues in a case; to avoid substantial injury to innocent third parties; or to avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of civil proceeding sought to be closed). Thus, that part of the order sealing the petition and initial response is reversed.
At the same time, we entirely agree with the trial court’s ruling that the wife’s amended response should be stricken. The pleading was wholly irrelevant because it was filed after the settlement agreement had been entered into by the parties. Therefore, the striking of the first amended response was eminently correct. Most certainly, the husband’s personal letter written, but never mailed to his son, attached as an exhibit to the amended response, was correctly stricken. The letter was not an integral part of the case and served no legal purpose. Allowing the letter to remain in the public domain would serve only to “ ‘gratify private spite or promote public scandal’ through the publication of ‘painful and sometimes disgusting details of a divorce case.’ ” Id. at 120 (Barkett, J., concurring) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978) (quoting In re Caswell, 18 R.I. 835, 836, 29 A. 259 (1893)). Additionally, the parties’ respective memorandums in support of, and in opposition to the husband’s motion to strike shall remain sealed, as they discuss the very details in the wife’s amended response and in the husband’s personal letter which we have just determined should be stricken.
Finally, we agree with the trial court’s order sealing the property settlement agreement. As stated above, one of the recognized bases for closure is when necessary “to comply with established public policy set forth in the constitution, statutes, rules, or case law[.]” Barron, 531 So.2d at 118. Florida Rule of Civil Procedure 1.611(a) authorizes the court to seal affidavits and any other financial information on the request of either party. In the instant case, the parties’ marital property settlement agreement contained a number of financial statements with respect to both parties, as well as financial details of their personal lives. The trial court thus acted properly in sealing the marital property settlement agreement. Accord Peyton v. Browning, 541 So.2d 1341 (Fla. 1st DCA), review denied, 548 So.2d 662 (Fla.1989).
For the foregoing reasons, we affirm the trial court’s order to the extent it sealed the settlement agreement and parties’ respective memorandums in support of and in opposition to the husband’s motion to strike, and struck the wife’s amended response including her counter petition, third party claim, and exhibits. The remainder of the court file, including the husband’s petition and the wife’s first response, as well as the intermediate pleadings and final judgment, are to remain unsealed. On remand, the trial court is authorized to issue a second amended final judgment consistent with this opinion.
Affirmed in part, reversed in part, and remanded.